## KEITH, FORMER COLLECTOR, *v.* JOHNSON, ADMINISTRATRIX.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 295.  Argued January 6, 1926.—Decided April 12, 1926.

1. The New York transfer tax (Cons. Ls. c. 60, Art. X) is primarily payable by the personal representative out of the estate, and not by the heirs, though they are required to pay if the property is transferred to them without prior deduction of the tax. P. 4.

2. An executrix who paid this tax, as required, out of funds of the estate, was entitled, under the Revenue Act of 1916, to deduct the amount from the income of the estate, during administration, for the purpose of computing the net income subject to the federal income tax. P. 9.

3 Fed. (2d) 361, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a judgment in the District Court against the Collector in an action to recover money paid under protest as an income tax.

1

*Messrs. Newton K. Fox* and *W. H. Trigg,* with whom *Solicitor General Mitchell* and *Mr. A. W. Gregg,* Solicitor of Internal Revenue, were on the brief, for petitioner.

This Court has decided that taxes which are deductible from the income of an estate for the purpose of determining net income taxable under the federal Income Tax Act, are those taxes which are " charges against the estate " and are " to be paid out of it by the administrator or executor substantially as other taxes and charges are paid."

This Court has also held that the transfer tax imposed by the State of New York is not a charge against the estate, but is a charge against the beneficiaries. Furthermore, the New York tax is not paid by the personal representative of the decedent out of the mass of the property before distribution, as other taxes are paid, but is paid out of the particular shares after those shares have been determined.

Therefore a tax which is not imposed upon the estate is not deductible from gross income of the estate for the purpose of determining the net income taxable under the federal Income Tax Act. Citing: *New York Trust Co.* v. *Eisner,* 256 U. S. 345; *United States* v. *Woodward,* 256 U. S. 632; *New York Trust Co.* v. *Eisner,* 263 Fed. 620; *Winans* v. *Atty. General,* (1910) App. Cas. (H. L.) 27; *Knowlton* v. *Moore,* 178 U. S. 41; *Bugbee* v. *Roebling,* 94 N. J. Law 438; *New York Trust Co.* v. *Eisner,* 3 Fed. (2d) 361; *United States* v. *Perkins,* 163 U. S. 625; *United States* v. *Fox,* 94 U. S. 315; *Snyder* v. *Bettman,* 190 U. S. 249; *Prentiss* v. *Eisner,* 267 Fed. 16; *Farmers' Loan & Trust Co.* v. *Winthrop,* 238 N. Y. 488; *Home Trust Co.* v. *Law,* 236 N. Y. 607; *In re Meyer,* 209 N. Y. 386; *Smith* v. *Browning,* 225 N. Y. 358; *In re Gihon,* 169 N. Y. 443; *Carroll County* v. *Smith,* 111 U. S. 556; *Northern Trust Co.* v. *McCoach,* 215 Fed. 991; *National Bank of Commerce* v. *Allen,* 211 Fed. 743, aff. 223 Fed. 472; *First*

*National Bank* v. *McNeel,* 238 Fed. 559; *Eliot National Bank* v. *Gill,* 218 Fed. 600.

*Messrs. Sidney V. Lowell* and *John M. Perry,* with whom *Messrs. Harrison Tweed* and *Benjamin Mahler* were on the brief, for respondent.

Mr. Justice Butler delivered the opinion of the Court.

In 1917, John B. Johnson, a resident of New York, died intestate. Respondent was appointed administratrix, and in that year paid to the State $233,044.20, the transfer tax imposed pursuant to Art. X, Tax Law, c. 60, Consolidated Laws. When respondent made the income tax return for the estate for 1917 (Revenue Act of 1916, c. 463, 39 Stat. 756, 757), she claimed that the state transfer tax paid in that year was deductible; but, yielding to the regulations of the Treasury Department, she did not make the deduction, and under protest paid to the United States an income tax calculated on $164,958.00, amounting to $30,985.53. If the deduction had been made there would have been no taxable income. This action was brought to recover the amount paid. The District Court gave respondent judgment which was affirmed by the Circuit Court of Appeals.

Under the Revenue Act of 1916, the income of the estate for 1917 during administration was subject to a tax to be assessed against the administratrix. She was required to pay the tax and was indemnified against claims of beneficiaries for the amount paid. § 2(b). It is provided that, in computing net income, in the case of a citizen or resident of the United States, for the purpose of the tax, there shall be allowed as deductions the taxes imposed by the authority of the United States or of any State and paid within the year. § 5(a) Third. Administrators and other fiduciaries are subject to all the provisions which apply to individuals. § 8(c).

In *United States* v. *Woodward*, 256 U. S. 632, it was held that the federal estate taxes imposed by the Revenue Act of 1916 are deductible in ascertaining net taxable income received by estates of deceased persons during the period of administration or settlement. Revenue Act of 1918, Title II. The court said (p. 635): "It [the estate tax] is made a charge on the estate and is to be paid out of it by the administrator or executor substantially as other taxes and charges are paid. . . . It does not segregate any part of the estate from the rest and keep it from passing to the administrator or executor for purposes of administration, . . . but is made a general charge on the gross estate and is to be paid in money out of any available funds or, if there be none, by converting other property into money for the purpose."

The government contends that the state transfer tax is not imposed on the estate and is not deductible in calculating the federal tax on the income of the estate.

The transfer tax law imposes a tax "upon the transfer of property" from the deceased (§ 220) at rates graduated, according to the amount transferred to each beneficiary and the relationship, or absence of any, between the deceased and beneficiaries. § § 221, 221(a). Until paid the tax is a lien upon the property of the deceased. The person to whom the property is transferred is made personally liable for the tax. The personal representatives of the deceased are personally liable for the tax until its payment; they are authorized to sell the property of the estate to obtain money to pay the tax in the same manner as they may to pay debts of the deceased. § 224.*

---

* " *Lien of tax and collection by executors, administrators and trustees.* Every such tax shall be and remain a lien upon the property transferred until paid and the person to whom the property is so transferred, and the executors, administrators and trustees of every estate so transferred shall be personally liable for such tax until its payment. Every executor, administrator or trustee shall have full power to sell so much of the property of the decedent as

They are not entitled to discharge until the tax is paid. § 236. The law plainly makes it their duty to pay the tax out of the estate. The property remaining passes to the beneficiaries. When property is transferred without the deduction of the tax the beneficiary is required to pay. But, by whomsoever the amount may be handed over to the State, the tax is in effect an appropriation by the State of a part of the property of the deceased at the time of death. And the State's portion is deductible from the legacy and does not pass to the legatee. If money is transferred the tax is withheld; property other than money passes subject to the transfer tax. Cf. *Matter of Estate of Swift*, 137 N. Y. 77, 83. In *Matter of Merriam*, 141 N. Y. 479, a bequest to the United States was

---

will enable him to pay such tax in the same manner as he might be entitled by law to do for the payment of the debts of the testator or intestate. Any such executor, administrator or trustee having in charge or in trust any legacy or property for distribution subject to such tax shall deduct the tax therefrom and shall pay over the same to the state comptroller or county treasurer, as herein provided. If such legacy or property be not in money, he shall collect the tax thereon upon the appraised value thereof from the person entitled thereto. He shall not deliver or be compelled to deliver any specific legacy or property subject to tax under this article to any person until he shall have collected the tax thereon. If any such legacy shall be charged upon or payable out of real property, the heir or devisee shall deduct such tax therefrom and pay it to the executor, administrator or trustee, and the tax shall remain a lien or charge on such real property until paid; and the payment thereof shall be enforced by the executor, administrator or trustee in the same manner that payment of the legacy might be enforced, or by the district attorney under section two hundred and thirty-five of this chapter. If any such legacy shall be given in money to any such person for a limited period, the executor, administrator or trustee shall retain the tax upon the whole amount, but if it be not in money, he shall make application to the court having jurisdiction of an accounting by him, to make an apportionment, if the case require it, of the sum to be paid into his hands by such legatees, and for such further order relative thereto as the case may require."

held subject to the tax. The court said (p. 484), " This tax, in effect, limits the power of testamentary disposition, and legatees and devisees take their bequests and devises subject to this tax imposed upon the succession of property. This view eliminates from the case the point urged by the appellant that to collect this tax would be in violation of the well-established rule that the state cannot tax the property of the United States. Assuming this legacy vested in the United States at the moment of testator's death, yet in contemplation of law the tax was fixed on the succession at the same instant of time. This is not a tax imposed by the state on the property of the United States. The property that vests in the United States under thi will is the net amount of its legacy after the succession tax is paid." That case was brought to this court on writ of error. *United States* v. *Perkins,* 163 U. S. 625. Following the decisions of the New York court it was held that the transfer tax is not imposed on property but on the transfer, and that the property does not pass to the heirs or legatees until, by the enforced contribution to the State, it has suffered diminution to the amount of the tax. And see *Prentiss* v. *Eisner,* 260 Fed. 589, affirmed, 267 Fed. 16; *People* v. *Fraser,* 145 N. Y. 593, affirming 74 Hun. 282.

The government cites *New York Trust Co.* v. *Eisner,* 256 U. S. 345. In that case there was involved the amount of the federal estate tax under § 201 of the Revenue Act of 1916, 39 Stat. 756, 777. Section 203 provided that there should be deducted from the value of the gross estate funeral expenses, administration expenses, claims against the estate, certain losses, " and such other charges against the estate as are allowed by the laws of the jurisdiction " where the estate was administered. When that case was before this court the latest decision of the New York Court of Appeals, having a direct bearing upon the matter, was *Matter of Gihon,* 169 N. Y.

443. It was there held that the state transfer tax was the same as the federal inheritance tax imposed by the War Revenue Act of June 13, 1898, c. 448, 30 Stat. 448, which was considered by this court in *Knowlton* v. *Moore,* 178 U. S. 41; that the tax was not primarily payable out of the estate; that it was a tax not upon property but upon succession; " that is to say, a tax on the legatee for the privilege of succeeding to property," and that payment of the tax by the personal representative was for the legatee and not on account of the estate. In harmony with that case this court held that the state transfer tax paid by the executors was not deductible in calculating the amount of the federal estate tax. Since then the courts of New York, notwithstanding the *Gihon Case,* have construed the statute in harmony with the earlier decisions of the New York courts and *United States* v. *Perkins, supra.*

In *Home Trust Company* v. *Law,* 204 App. Div. 590, the court considered the state law which imposes an income tax on individuals (Tax Law, § 351,) and makes that tax applicable to income of estates of deceased persons received during administration. § 365. It is shown that the state income tax and deductions (§ 360) from gross earnings, authorized to be made to determine the amount of the taxable income of the estate, are patterned after the corresponding federal taxes and deductions; and, following the decision of this court in *United States* v. *Woodward, supra,* it was held that, since the federal estate tax paid is deductible to arrive at the income of the estate subject to the federal tax, the state transfer tax should be held to be deductible in ascertaining the income of the estate taxable under the state law. The court said (p. 594), " Aside from authority and theory we think it was the clear legislative intent, as indicated by the various provisions of the Tax Law, that in calculating the net income of the estate of a decedent

for income tax purposes, the amount paid by an executor during the year in satisfaction of a transfer tax should be deducted. The income tax payment is made by the executor of the estate from funds of the estate and not from funds belonging to legatees. (*Kings County Trust Company* v. *Law,* 201 App. Div. 181.) The transfer tax payment is made by the executor from the funds of the estate. ' The transfer tax is imposed upon the estate of the decedent as it exists at the hour of his death, and its value is to be fixed as of that time.' (*Matter of Hubbard,* 234 N. Y. 179.) Thus the tax is measurable not by the funds received by a legatee, but by the funds the executor receives. As the burden of paying the income tax, as well as the burden of paying the transfer tax, is cast upon the executor, and as the taxable income of the estate is under the terms of the Tax Law measurable by gross income received less taxes paid, it would seem clear that the person paying the income tax, namely, the executor, is entitled to deduct the very transfer tax which he himself pays." This decision was affirmed by the Court of Appeals without opinion. 236 N. Y. 607. This court will follow the decisions of the state courts as to the meaning and proper application of the state transfer tax law, any expressions in its earlier decision to the contrary notwithstanding. *Green* v. *Lessee of Neal,* 6 Pet. 291, 298, 299; *Fairfield* v. *County of Gallatin,* 100 U. S. 47.; *Edward Hines Trustees* v. *Martin,* 268 U. S. 458, 464.

By indicating that the latest decisions of the state courts will be followed here as binding, it is not intended to intimate that a different view is entertained as to the construction properly to be given the state law. In fact we agree with that construction; and feel justified in so saying as the same question arises in another case—No. 470, the opinion in which is announced concurrently with this one—on a substantially similar statute of a State where there has been no authoritative construction by

the state courts. Compare *Harrigan* v. *Bergdoll,* 270 U. S. 560. And we are of opinion that the transfer tax is deductible. It was primarily payable by the respondent out of moneys and other property of the estate; and it was so paid by her. While this lessens the amount for distribution among the heirs, it cannot be said that they bore any part of that tax. As well might it be claimed that they paid the funeral expenses and debts, if any, of the intestate. No part of the transfer tax so paid could be taken by the heirs as a deduction in calculating their federal income taxes. It follows that the amount of the transfer tax paid in 1917 by the respondent was deductible in ascertaining the taxable income of the estate received by her in that year.

*Judgment affirmed.*