OLIVER PRESCOTT AND LUCIUS H. BEERS, EXECUTORS, ESTATE OF EMILY H. BOURNE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7883.    Promulgated October 7, 1927.

Taxes paid by executors to the States of New York, Connecticut, Michigan, New Jersey, and West Virginia under their respective transfer and inheritance-tax statutes are legal deductions from gross income in income-tax returns of the estate in process of administration or settlement.

*Allen Evarts Foster, Esq.*, for the petitioners.
*M. N. Fisher, Esq.*, for the respondent.

This appeal involves a deficiency in income tax against the estate of Emily H. Bourne for the year 1923 in the amount of $20,436.47. The entire deficiency results from respondent's disallowing the deduction of amounts, aggregating $56,319.28, representing taxes paid by the executors to 13 different States under their respective transfer or inheritance-tax statutes. The essential facts are admitted in the pleadings.

### FINDINGS OF FACT.

Emily H. Bourne died a resident and citizen of New York on March 23, 1922, leaving a last will and testament which was duly admitted to probate by the surrogate's court of the County of New York, and the petitioners herein were duly appointed executors of said will.

During the year 1923, the executors were actively engaged in administering the estate of said Emily H. Bourne and as such executors paid transfer or inheritance taxes to the following States in the amounts named:

| | | | |
|---|---:|---|---:|
| New York | $42,000.00 | New Hampshire | $233.34 |
| California | 272.56 | New Jersey | 10,393.33 |
| Connecticut | 564.62 | Ohio | 581.28 |
| Kansas | 136.78 | West Virginia | 5.58 |
| Maine | 104.05 | Wisconsin | 119.55 |
| Michigan | 1,733.18 | | |
| Minnesota | 137.34 | | 56,319.28 |
| Montana | 37.67 | | |

All of the above-mentioned taxes were paid by the executors from the residuary estate pursuant to paragraph 56 of the last will and testament of said Emily H. Bourne, which provided that all estate and inheritance taxes should be paid by the estate and that no part thereof should be borne by any of the legatees.

In making out the income-tax return for the estate for the year 1923 the petitioners computed net income of the estate by deducting from gross income the amount of $76,585.64, representing transfer or inheritance taxes paid, including the $56,319.28 disallowed by respondent.

### OPINION.

SMITH: The sole question here presented is whether the transfer and inheritance taxes paid by the executors to the different States are deductible in computing the net taxable income of the estate.

It is agreed that under section 214 of the Revenue Act of 1921 estate, inheritance, legacy and transfer taxes paid to the States are allowable deductions in computing net income for Federal tax purposes, although the statute is silent as to whether the deductions are available to the estate or to the individual distributees. Respond-

ent's position is that such taxes fall into two groups, one, where they are imposed upon the right or privilege to transmit, the other, where they are imposed upon the right or privilege of the heir, devisee, legatee or distributee to succeed to the property passing from the decedent. The former, it is contended, constitute allowable deductions to the estate, the latter, to the heirs, devisees, legatees, or distributees. Respondent further contends that the question of who shall be allowed the deduction is not affected by any provision of the testator's will that all such taxes shall be paid by the executors out of the residuary funds of the estate.

Owing to the small amounts involved, the petitioners have waived their claim with respect to the taxes paid to the States of California, Kansas, Maine, Minnesota, Montana, New Hampshire, Ohio, and Wisconsin.

The United States Supreme Court has held, in *Keith* v. *Johnson*, 271 U. S. 1, that transfer taxes paid to the State of New York are deductible in computing the taxable income of the estate. See also *Farmers Loan & Trust Co.* v. *United States*, 9 Fed. (2d) 688, and *Appeal of Farmers Loan & Trust Co., Administrator*, 3 B. T. A. 97. The Board has also held in *Appeal of Hamilton E. Shaver et al., Executors*, 4 B. T. A. 127, that inheritance taxes paid to the States of West Virginia and Connecticut are so deductible. There remains to be decided, then, only the question of the deductibility of the taxes paid by the executors to the States of Michigan and New Jersey.

As was stated in the *Appeal of Katharine N. Wurts et al.*, 6 B. T. A. 1118, we must in each instance look to the nature of the tax, that is, whether it falls upon the estate or upon the individual distributees, and must be guided by the statutes of the States as construed by their highest courts. *Keith* v. *Johnson, supra.*

In reaching its decision in *Keith* v. *Johnson, supra*, the Supreme Court followed the case of *Home Trust Co.* v. *Law*, 198 N. Y. S. 710, and quoted with approval the following language from the opinion in that case:

Aside from authority and theory we think it was the clear legislative intent, as indicated by the various provisions of the Tax Law, that in calculating the net income of the estate of a decedent for income tax purposes, the amount paid by an executor during the year in satisfaction of a transfer tax should be deducted. The income tax payment is made by the executor of the estate from funds of the estate and not from funds belonging to legatees. (*Kings County Trust Company* v. *Law*, 201 App. Div. 181.) The transfer tax payment is made by the executor from the funds of the estate. "The transfer tax is imposed upon the estate of the decedent as it exists at the hour of his death, and its value is to be fixed as of that time." (*Matter of Hubbard*, 234 N. Y. 179.) Thus the tax is measurable not by the funds received by a legatee, but by the funds the executor receives. As the burden of paying the income tax, as well as the burden of paying the transfer tax, is cast upon the executor, and as the

taxable income of the estate is under the terms of the Tax Law measurable by gross income received less taxes paid, it would seem clear that the person paying the income tax, namely, the executor, is entitled to deduct the very transfer tax which he himself pays.

The Court further said:

This court will follow the decisions of the state courts as to the meaning and proper application of the state transfer tax law, any expressions in its earlier decision to the contrary notwithstanding.

In *United States* v. *Mitchell*, 271 U. S. 9, decided concurrently with *Keith* v. *Johnson, supra,* and under the authority of the decision in that case, the court held that the inheritance tax paid to the State of Texas was deductible in computing the taxable income of the estate, saying:

We are of the opinion that, in respect of the matter under consideration, the Texas inheritance tax law cannot be distinguished from the New York transfer tax law; and that under *Keith* v. *Johnson* decided this day, *ante,* p. 1, the executors are entitled to inheritance tax paid in 1919 deducted from the income of the estate received in that year.

In this proceeding neither counsel has referred to any decisions of the courts of Michigan or New Jersey construing the statutes involved, nor have we been able to ascertain that there are such decisions. We must, therefore, look to the statutes themselves and interpret them according to the principles established by the decisions involving similar statutes of other States.

The pertinent parts of the Michigan and New Jersey statutes are as follows:

Compiled Laws of Michigan. 1915.

Chapter 236.—INHERITANCE TAX AND PROCEDURE THEREON IN PROBATE COURTS.

(14524) SECTION 1. That after the passage of this act a tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of one hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases:

First, when the transfer is by will or by the intestate laws of this state from any person dying seized or possessed of the property while a resident of this state;

Second, When the transfer is by will or intestate law of property within the state, and the decedent was a nonresident of the state at the time of his death;

*Lien of Tax and Payment Thereof*

(14526) SEC. 3. Every such tax and the interest thereon herein provided for shall be and remain a lien upon the property transferred until paid, and the person to whom the property is so transferred and the administrator, executor, and trustee of every estate so transferred, shall be personally liable for such tax until its payment; * * * All taxes imposed by this act shall

accrue and be due and payable at the time of transfer, which is the date of death : * * *

### Collection of Tax by Executors, Administrators and Trustees

(14528) SEC. 5. Every executor, administrator, trustee or other person shall have full power to sell or mortgage so much of the property of the decedent as will enable him to pay such tax in the same manner as he might be entitled by law to do for the payment of the debts of a decedent or ward ; * * * Any such administrator, executor, trustee or other person having in charge or in trust any legacy or property for distribution subject to such tax, shall deduct the tax therefrom ; and within thirty days thereafter shall pay over the same to the county treasurer as herein provided. * * *

Compiled Statutes of New Jersey

Cumulative Supplement 1911–1924. Vol. 2.

TAXATION OF DECEDENTS' ESTATES.

208–537. *Transfer tax on decedent's property.*—1. A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, except as hereinafter provided, in the following cases:

208–541. *When tax payable—bond to secure payment of unpaid taxes—taxes a lien.*—5. All taxes imposed by this act shall be due and payable at the death of the testator, intestate, grantor, donor or vendor, unless in this act otherwise provided, * * *

All taxes levied and assessed under this act shall be and remain a lien on all property owned by the decedent as of the date of death until paid or secured by bond, as provided for in the several provisions of this act.

208–543. *Deduction of tax before delivering bequest to legatee.*—SEC. 7. Any administrator, executor or trustee having in charge or trust any legacy or property for distribution, subject to said tax, shall deduct the tax therefrom, or if the legacy or property be not money he shall collect the tax thereon upon the appraised value thereof from the legatee or persons entitled to such property, and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he shall have collected the tax thereon, and whenever any such legacy shall be charged upon or payable out of real estate, the heir or devisee, before paying the same shall deduct said tax therefrom and pay the same to the executor, administrator or trustee, and the payment thereof shall be enforced by the executor, administrator or trustee in the same manner that the payment of such legacy might be enforced; * * *

208–544. *Sale of property by executor, etc., to meet tax.*—SEC. 8. All executors, administrators and trustees shall have full power to sell so much of the property of the decedent as will enable them to pay said tax in the same manner as they may be enabled by law to do for the payment of debts of their testators and intestates, and the amount of said tax shall be paid as hereinafter directed. (P. L. 1909, p. 330)

From a comparison of the passages above quoted, and others of the statutes of Michigan and New Jersey, with the statutes of New

York considered in *Keith* v. *Johnson, supra,* it appears that the tax in each instance is paid "by the executor from the funds of the estate." It is imposed upon "the estate of the decedent as it exists at the time of his death, its value is to be fixed as of that time," and it is measured "by the funds the executor receives." In neither of the statutes is there any provision that the tax due the State from the estate of the decedent shall be paid by or out of the funds of the legatees or distributees.

We are unable to see that the statutes either of Michigan or New Jersey differ in any material respect from those of New York. Compare with *Appeal of Hamilton E. Shaver et al., Executors, supra.* The taxes paid by the executors to the States of New York, Connecticut, Michigan, New Jersey and West Virginia are legal deductions from gross income in income-tax returns of the estate.

Reviewed by the Board.

> *Judgment will be entered for the petitioners on the issue raised after 15 days' notice, under Rule 50.*