FRANK E. NORTON AND STUART M. DON, EXECUTORS, ESTATE OF HARRIET M. DON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5594. Promulgated December 1, 1927.

*John F. McCarron, Esq.*, and *George E. Hamilton, Jr., Esq.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

## OPINION.

TRUSSELL: The issue in this case is whether the respondent erred in refusing the petitioners the right to deduct from the gross income of the estate of Harriet M. Don the amount of inheritance or transfer taxes paid by the executors during the taxable year to the nine States named in the findings of fact.

Section 214 (a) (3) of the Revenue Act of 1921, with certain exceptions not pertinent to this proceeding, permits an individual for the purpose of ascertaining his net income to deduct from his gross income " taxes paid or accrued during the taxable year."

Section 219 of the same act provides:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate.

Subdivision (b) of said section 219, in effect provides, with exceptions not material here, that the net income of an estate shall be com-

puted in the same manner as that of an individual. The question then is whether the inheritance or transfer taxes paid by the executors are deductible from the gross income of the estate or are deductible by the distributees. We must be guided by the nature of the tax as imposed by the state statutes as construed by their courts. *Keith* v. *Johnson*, 271 U. S. 1.

Under authority of the Board's decision in the case of *Oliver Prescott, et al., Executors*, v. *Commissioner*, 8 B. T. A. 582, the taxes paid by the executors to the States of New York, Connecticut, West Virginia, New Jersey, and Michigan under their respective transfer or inheritance-tax statutes are legal deductions from the 1922 gross income of the estate of Harriet M. Don, which was in the process of administration.

There remains to be decided the question of the deductibility of the taxes paid by the executors to the States of Colorado, Illinois, Kansas, and Wisconsin. Neither counsel has referred us to any decisions by the highest courts of these States nor have we been able to ascertain that there are any such decisions involving the precise question here involved.

The Colorado inheritance-tax law, Compiled Laws of Colorado, 1921, Chapter 156, imposes "upon the transfer of any property" from the deceased to any beneficiary, a tax graduated in proportion to the amount of the inheritance and with respect to the degree of relationship of the beneficiary. The said act further provides:

7489. *Taxes—When due—Discount—Interest—Bond for payment.* Sec. 6. All taxes imposed by this act shall be due and payable at the death of the decedent, except as hereinbefore provided * * *

7490. *Tax a lien—Exception—Notice—Personal liability—Enforcement of lien.* Sec. 7. Every tax imposed by this act shall be and remain a lien upon the property passed and transferred until paid, * * * The person to whom the property passes or is transferred and all executors, administrators and trustees shall be personally liable for the payment of all such taxes * * *.

7491. *Administrator deduct tax—No distribution until paid—Sale of property to pay tax.* Sec. 8. Any administrator, executor, or trustee having any charge or trust in legacies or property for distribution subject to the said tax, shall deduct the tax therefrom, or if the legacy or property be not money, he shall collect a tax thereon upon the appraised value thereof from the legatee or person entitled to such property, and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he shall have collected the tax thereon, * * *. All administrators, executors, or trustees shall have full power to sell so much of the property of the decedent as will enable them to pay said tax, in the same manner as they may be enabled to do by law, for the payment of debts of their testators and intestates, * * *.

The Illinois inheritance-tax law, Callaghan's Illinois Statutes Annotated, 1924, vol. 7, ch. 120, ¶396, imposes "upon the transfer of any property" from the deceased to any beneficiary, a tax graduated in proportion to the amount of the inheritance and with respect to

the degree of relationship of the beneficiary. The said act further provides:

¶398. *Tax—When payable*] § 3. All Taxes imposed by this Act, unless otherwise herein provided for, shall be due and payable, at the death of the decedent, * * *

¶399. *Tax—How, when, and by whom payable.*] § 4. Any administrator, executor or trustee having any charge or trust in legacies or property for distribution subject to the said tax shall deduct the tax therefrom, or if the legacy or property be not money he shall collect a tax thereon upon the appraised value thereof from the legatee or person entitled to such property, and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he shall have collected the tax thereon; * * *

¶400. *Liability and powers of executors, administrators and trustees.*] §5. All executors, administrators and trustees shall be personally liable for the payment of taxes and interest, * * *. They shall have full power to sell so much of the property of the decedent as will enable them to pay said tax, in the same manner as they may be enabled to do by law, for the payment of duties of their testators and intestates, and the amount of said tax shall be paid as hereinafter directed.

The Kansas succession-tax law, Revised Statutes of Kansas, 1923, ch. 79—Taxation, art. 15—Taxation of Legacies and Successions, imposes a tax upon "All property * * * which shall pass by will or by the laws regulating intestate succession," at rates graduated in proportion to the amount of the inheritance and with respect to the degree of relationship of the beneficiary. The said act further provides:

79–1502. *Payment of tax; lien.* Except as hereinafter provided, taxes imposed by the provisions of this act shall be payable to the county treasurer * * * by the executors, administrators or trustees, * * *. Property * * * subject to taxes as aforesaid, * * * shall be charged with a lien for all taxes and interest thereon * * *.

79–1506. *Collection of tax by representative or trustee.* An executor, administrator or trustee holding property subject to said tax shall deduct the tax therefrom or collect it from the legatee or person entitled to said property; and he shall not deliver property or a specific legacy subject to said tax until he has collected the tax thereon. An executor or administrator shall collect taxes due upon land which is subject to tax under the provisions hereof from the heirs or devisees entitled thereto, and he may be authorized to sell said land according to the provisions of section 9 if they refuse or neglect to pay said tax.

The Wisconsin Inheritance Tax Act, Wisconsin Statutes, vol. 1, 1925, sec. 72.01, imposes "upon the transfer of any property" from a deceased to any beneficiary, taxes graduated in proportion to the amount of the inheritance and with respect to the degree of relationship of the distributees. The said act further provides:

72.05 *Lien.* (1) Personal Liability. All taxes imposed by this act shall be due and payable at the time of the transfer, except as hereinafter provided;

and every such tax shall be and remain a lien upon the property transferred until paid, and the person to whom the property is transferred and the administrators, executors, and trustees of every estate so transferred shall be personally liable for such tax until its payment.

(2) Payment; Receipt.  *  *  *

(3) Bond or Receipt Necessary. But no executor, administrator or trustee shall be entitled to a final accounting of an estate, in settlement of which a tax is due  *  *  *.

72.07. *Executors; powers; collection; payment.* Every executor, administrator, or trustee shall have full power to sell so much of the property of the decedent as will enable him to pay such tax in the same manner as he might be entitled by law to do for the payment of the debts of the testator or intestate. Any such administrator, executor, or trustee, having in charge or in trust any legacy or property for distribution, subject to such tax, shall deduct the tax therefrom; and within thirty days therefrom shall pay over the same to the county treasurer, as herein provided. If such legacy or property be not in money, he shall collect the tax thereon upon the appraised value thereof, from the person entitled thereto. He shall not deliver or be compelled to deliver any specific legacy or property subject to tax under this act, to any person until he shall have collected the tax thereon.  *  *  *

In the case of *Keith* v. *Johnson, supra,* the Supreme Court had under consideration the New York transfer-tax law, art. 10, Tax Law, Consolidated Laws, which imposes a tax " upon the transfer of property " from the deceased (§220) at rates graduated, according to the amount of the inheritance and with respect to the degree of the relationship of the beneficiary. §221, 221(a). The said statute further provides:

224. *Lien of tax and collection by executors, administrators and trustees.* Every such tax shall be and remain a lien upon the property transferred until paid and the person to whom the property is so transferred, and the executors, administrators and trustees of every estate so transferred shall be personally liable for such tax until its payment. Every executor, administrator or trustee shall have full power to sell so much of the property of the decedent as will enable him to pay such tax in the same manner as he might be entitled by law to do for the payment of the debts of the testator or intestate. Any such executor, administrator or trustee having in charge or in trust any legacy or property for distribution subject to such tax shall deduct the tax therefrom and shall pay over the same to the state comptroller or county treasurer, as herein provided. If such legacy or property be not in money, he shall collect the tax thereon upon the appraised value thereof from the person entitled thereto. He shall not deliver or be compelled to deliver any specific legacy or property subject to tax under this article to any person until he shall have collected the tax thereon.  *  *  *

A comparison of each of the transfer or inheritance-tax laws of the States of Colorado, Illinois, Kansas, and Wisconsin, with the New York transfer-tax law shows that they are not distinguishable in any material aspect. In each instance the State looks primarily to the decedent's personal representative and to the estate for the payment of the transfer or inheritance taxes.

Under authority of *Keith* v. *Johnson, supra*, the executors are entitled to deduct from the gross income for the year 1922 of the estate of Harriet M. Don, the amount of the transfer or inheritance taxes paid to the States of Colorado, Illinois, Kansas, and Wisconsin. See also *United States* v. *Mitchell*, 271 U. S. 9.

*Judgment will be entered for the petitioners.*

Considered by SMITH, LOVE, and LITTLETON.