Graham, Judge,
delivered the opinion of the court:
The plaintiffs are the executors of the last will of George Arents, who died on February 22, 1918. During the year 1918 plaintiffs paid to the State of New York a transfer tax of $364,876.56 on the estate of the decedent. On March 15, 1919, they made an income-tax return for the estate for the year 1918, and failed to claim a deduction of the transfer tax referred to, and voluntarily and without protest made payment to the United States in 1919 of the taxes due on said return amounting to $78,770.90. Thereafter the commissioner assessed an additional tax of $249.16, which was paid by plaintiffs under protest on December 23, 1920. Had the plaintiffs deducted the transfer tax there would have been no taxable income.
Plaintiffs on June 14, 1922, filed a claim for refund of the taxejs paid for 1918, and on March 10,1924, the commissioner rejected the claim on the ground that the transfer tax was not allowable as a deduction from the income of the estate but was allowable as a deduction to the beneficiaries and that the deduction would be made on their returns.
At the time this tax was paid the regulations of the Commissioner of Internal Revenue, who was authorized by statute, with the approval of the Secretary of the Treasury, to make regulations (section 1309, revenue act of 1918, 40 Stat. 1143; section 3447, Revised Statute/s), did not allow a deduction of a transfer tax paid on the estate of a deceased person. On April 12,1926, the Supreme Court of the United States, in Keith v. Johnson,, 271 U. S. 1, 9, decided that such a tax was deductible from the income of the estate during administration for the purpose of computing the net income subject to Federal income tax.
*525 The defendant admits that if there had been a protest in this case, as there was in the ca^e of Keith v. Johnson, that case would be controlling. It claims there was no protest in this case and that for this reason the plaintiffs have no right to recover. It seems sufficient to rest this case upon section 252 of the act of 1918, 40 Stat. 1085, and other statutes to be mentioned.
“ Sec. 252. That if, upon examination of any return of income made pursuant to this act, * * * ,it appears that an amount of income, war-profits, or excess-profits tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Eevised Statutes, the amount of the excess shall be credited against any income, war-profits, or excess-profits taxes, or installment thereof, then due from the taxpayer und$r any other return, and any balance of- such excess shall be immediately refunded to the taxpayer: Provided, That no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer.”
See also section 1316 (a) of the revenue act of 1918, 40 Stat. 1145, amending section 3220, Eevised Statutes, and section 252 of the revenue act of 1921, 42 Stat. 227. Section 1014 (a) of the revenue act of 1924, 43 Stat. 343, amending section'3226, Eevised Statutes, should also be considered, as it authorizes the suit whether there was payment under protest or not and gives expression to the intent and meaning of the acts above mentioned. It being made the commissioner’s duty to credit or refund the tax when the amount has been paid “ in excess of that properly due,” the purpose of the acts would be defeated if the credit or refund be confined to those payments which were made under protest. The acts were designed for the relief of the taxpayers who in the unsettled construction of many of the income-tax provisions coufd not have been apprised of the amounts due. The taxes were being audited. If too small an amount of taxes had been paid the commissioner would require an additional amount; if toó large a sum had been paid, it was simply a matter of justice that the refund should be made.
*526 We bold that under the applicable acts no protest was necessary. There being no question as to the excess payment, plaintiffs are entitled to recover the amount claimed, with interest (see Keith v. Johnson, supra, and United States v. Emery, 237 U. S. 28), and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.