ELMON C. GILLETTE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56736. Promulgated December 14, 1933.

*W. C. Magathan, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Respondent determined a deficiency of $15,001 in petitioner's income tax for 1928, in part by disallowing the deduction of inheritance tax paid by petitioner to the State of California on the corpus of a trust of which he was beneficiary and which was made in contemplation of death. Petitioner contends that the amount of this tax, and fees paid an attorney in procuring a refund of part of it, are deductible from gross income. The facts have all been stipulated and are, in brief form, as follows:

Petitioner, an individual residing in New York City, was a beneficiary of a trust created in contemplation of death on May 26, 1923, by Lina Gillette, deceased. By the terms of the instrument decedent transferred in trust to King C. Gillette and Edwin B. Root, trustees, 5,153 shares of stock in the Gillette Safety Razor Co., to pay the income therefrom to decedent and her mother during their lives, and upon the death of the survivor to deliver the corpus to George W. Gillette and petitioner, share and share alike.

Lina Gillette died August 4, 1926, and her mother, December 25, 1926. In the computation of the value of Lina Gillette's estate the

State of California included the corpus of the trust, passing at her death, and assessed against the mother an inheritance tax of $2,125.42 on the value of her life interest in the trust property, appraised at $89,930, and against petitioner an inheritance tax of $159,785.61. By court order dated March 11, 1927, the trustees were directed to pay the mother's tax, and petitioner to pay the amount assessed against him. Petitioner paid; the tax assessed against him and $1,062.71, or one half of that assessed against the mother, the two payments totaling $160,848.32. These payments were made in two installments, the first, amounting to $80,424.16, was reduced by a rebate of $4,021.21 to $76,402.95, which amount was paid by check dated February 2, 1927. The second was paid by a check for $80,424.16, dated January 4, 1928. Equal assessments were paid by George W. Gillette on his half of the trust corpus.

In October 1928 the Superior Court of Los Angeles County, California, reappraised the securities forming the corpus of the trust, and ordered a refund of $31,010.41 of the inheritance taxes paid thereon by petitioner and George W. Gillette. Petitioner's share of this refund was $15,505.20, of which he received one half, or $7,752.60, in October 1928, the other. half being paid to an attorney as a fee for securing the refund.

None of the money or property of the trust ever came into the hands of the executors of Lina Gillette's estate; they were not accounted for in any proceeding in the probate of the estate, nor did the executors pay any inheritance tax upon said property. The corpus of the trust was at all times, until distribution to the remaindermen, in the hands of the trustees.

Petitioner reports his income for tax purposes on a cash receipts and disbursements basis. In computing petitioner's income tax for 1928, respondent disallowed as a deduction for inheritance taxes $72,671.56.

Petitioner, having paid the aforesaid inheritance taxes to the State of California, claims that such payment is an income tax deduction under the Revenue Act of 1928, section 23 (c),[1] allowing generally the deduction of taxes, notwithstanding that by the last clause of that statutory provision the deduction shall only be allowed to the estate itself; further, that when the tax was paid he alone acquired a right to deduct it by virtue of article 134 of Regulations

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net incme there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(c) *Taxes generally.*—Taxes paid or accrued within the taxable year \* \* \*. For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

69, promulgated under the Revenue Act of 1926; and, further, that if section 23 (c) bars a deduction it is unconstitutional in making an unreasonable distinction in inheritance taxes and an unfair discriminaton among those who pay them.

We are of opinion that both the wording and history of section 23 (c) prohibit the deduction by him. The direction of the final clause that inheritance taxes "shall be allowed as a deduction only to the estate" is too free of ambiguity to admit of any expansive interpretation by recourse to its legislative history.

But this history lends additional support to respondent's strict construction. The corresponding sections of prior acts did not specify by whom the deduction might be taken, but the concurrent regulations provided that it be allowed to the estate where the tax was laid on the right to transmit and to the beneficiary where the tax was laid on the right to receive. Art. 134, Regulations 62, 65, 69. Serious doubt as to the validity of this rule arose from *Keith* v. *Johnson*, 271 U.S. 1, and *United States* v. *Mitchell*, 271 U.S. 9. To clarify the resulting confusion as to years prior to 1928, Congress enacted section 703 of the Revenue Act of 1928, which arbitrarily allowed the deduction sometimes to the beneficiary and sometimes to the estate. This, however, affected only the years prior to 1928. In supporting his construction of section 23 (c), petitioner stresses the words of the Senate Finance Committee Report, page 24, declaring the purpose of section 703:

\* \* \* to make it certain that the deduction will be allowed either to the estate or to the beneficiary in any event, \* \* \*

a purpose which is apparent from the section itself. Petitioner's position is not advanced by this manifest intent in the enactment of the temporary and remedial measure in respect of prior years based on considerations of expediency rather than a theory.

In enacting section 23 (c), the permanent provision governing these deductions, on which alone petitioner must depend, Congress deliberately adopted a different scheme from that of section 703, and made the deduction allowable only to the estate. This is in accord with the Supreme Court's decisions above cited, and since the funds on which the estate tax is imposed are not gross income in petitioner's hands, a literal application of section 23 (c) is not so clearly at variance with orthodox principles as to induce interpretation. In our opinion, respondent correctly disallowed the deduction.

Petitioner's contention that the limitation of section 23 (c) is not effective because he paid the taxes before the Revenue Act of 1928 had been enacted, is also without merit. By sections 1 and 65 it is provided that, with certain exceptions not here material, the act shall

take effect as of January 1, 1928, and, hence, computation of petitioner's income for 1928 is subject to the restriction of section 23 (c).

Petitioner next attacks the constitutionality of section 23 (c), if it be construed to bar his deduction, arguing that it makes an arbitrary and unreasonable distinction between the treatment of inheritance taxes paid on property passing to an executor and those paid on property transferred in contemplation of death. This argument is based on the false premise that petitioner alone was liable for the tax and that if the deduction is denied him, there is no one to take it under any circumstances. By section 9 of the California Inheritance Tax Act, 1921 Statutes of California, chapter 821,

* * * Any * * * trustee having in charge or trust any * * * property for distribution, subject to the said tax, shall deduct the tax therefrom, * * * and he shall not deliver, or be compelled to deliver, any * * * property subject to tax to any person until he shall have collected the tax thereon; * * *

Obviously the trustees, and not petitioner, were primarily liable for this tax, and by their failure to pay it acted contrary to the precise direction of the statute. The tax judgment, entered against petitioner alone, which he stresses as evidence of his sole liability, was pursuant to the later section 17 (1), which makes provision for collection where transfers have occurred in disregard of section 9. Under these circumstances it becomes unnecessary to decide whether section 23 (c) is unconstitutional on the ground urged, for the factual basis of that ground does not here appear. Had the trustees paid the tax as directed, a claim for its deduction by the estate would seem warranted by section 23 (c). Thus there is no discrimination against property transferred in contemplation of death.

Petitioner also seeks to deduct a fee of $7,752.60 which his attorney retained from a tax refund as compensation for his services. This refund represented an overpayment of the state inheritance tax involved in the foregoing issue. Petitioner cites no section of the act to support this deduction. If we assume that he relies on section 23 (a), allowing the deduction of ordinary and necessary expenses incurred in carrying on a trade or business, the fee paid may not be deducted, since the refund was unrelated to any trade or business. *Hutchings* v. *Burnet*, 58 Fed. (2d) 514; *Marion Stone Burt Lansill*, 17 B.T.A. 413; affd., 58 Fed. (2d) 512; *Commissioner* v. *Marshall Field*, 42 Fed. (2d) 820; *Grace McBride Crile*, 26 B.T.A. 1020; *Alice P. Bachofen von Echt*, 21 B.T.A. 702.

*Judgment will be entered for the respondent.*