ROBERT P. SCRIPPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT P. SCRIPPS, TRUSTEE, E. W. SCRIPPS TRUST FUND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 77116, 77117, 77602, 77603.   Promulgated January 24, 1936.

*Paul Patterson*, Esq., for the petitioners.
*Paul C. Croarkin*, Esq., and *W. Frank Gibbs*, Esq., for the respondent.

964

SEAWELL: These proceedings, consolidated for hearing and report, involve the redetermination of the following deficiencies in income tax:

| Year | Robert P. Scripps | Robert P. Scripps, Trustee |
|------|------------------|---------------------------|
| 1926 | $17,373.59 | |
| 1927 | 13,420.73 | |
| 1928 | 63.08 | $659.85 |
| 1929 | 35,653.59 | 14,817.10 |
| 1930 | 39,977.82 | 16,162.50 |
| 1931 | 42,950.38 | 17,090.61 |
| 1932 | 58,038.64 | 22,222.59 |

Petitioner Scripps, a beneficiary of the E. W. Scripps Trust Fund, alleges no error in the determination of the deficiency for 1927. For 1926 he alleges as error the disallowance as a deduction to the E. W. Scripps Trust Fund of the sum of $89,880.99, representing inheritance taxes paid to the State of Ohio. For the remaining years the issue is whether the E. W. Scripps Trust Fund is entitled to deduct estate taxes and interest thereon paid on behalf of the estate of E. W. Scripps. Refunds are claimed by petitioner Scripps for 1928 and by the other petitioner for 1928, 1929, 1930, and 1932. The facts were stipulated, and are, briefly stated, as follows:

Each of the great number of newspapers founded or purchased by E. W. Scripps prior to 1922 was owned in that year by a corporation organized in the state in which the newspaper was published. To carry out a plan of unified control of the chain of newspapers, in 1922 he organized the E. W. Scripps Co. under the laws of Ohio, with a capital stock of 1,000 shares of voting class A common stock, and 4,000 shares of class B common stock without voting rights. Pursuant to a contract of July 6, 1922, between Scripps and the E. W. Scripps Co., all of the class A and 3,000 shares of class B stock were issued to Scripps in exchange for his stock of the various newspaper companies.

On November 23, 1922, Scripps transferred his stockholdings in the E. W. Scripps Co. to Robert P. Scripps, his son, in trust. The trust agreement contains provisions for voting the stock during the lifetime and after the death of the grantor, distributions of the income from the corpus during such periods, appointment of new trustees based upon certain contingencies, and other provisions designated to carry out the desire of the grantor for continuing unified control of the companies. The grantor reserved the right to revoke the trust in whole or in part and modify it in any respect by a written instrument delivered to the trustee. Upon termination

of the trust part of the corpus is to be distributed to certain specified individuals and organizations and the residue is to go to grandchildren of Robert P. Scripps. In case there be no such living children, 51 percent of the voting stock of the E. W. Scripps Co. is to go to such child or children of Thomas O. Scripps as he designates in writing, and the remainder to heirs of the grantor. Article nine of the trust agreement reads as follows:

From the gross income derived from the trust estate or from the principal thereof, if the Trustee deem that necessary or advisable, the Trustee shall first pay and discharge as and when due, any and all taxes and assessments, (including federal estate taxes, if any, but not state inheritance or succession taxes, if any, which shall be paid by each of the several beneficiaries hereunder), insurance, charges and all other expenses of every kind and nature expended or incurred in the management and protection of the trust estate and of this trust. All income taxes, real and personal property taxes and assessments, levied or assessed upon principal and/or income of any beneficiary hereunder, shall be borne and paid individually by each such beneficiary. The decision of the Trustee shall be final in determining as between the trust estate and the beneficiaries hereunder what taxes and assessments are to be paid out of the trust estate and/or by the beneficiaries individually.

The decedent died March 12, 1926. In his last will and testament he made several specific bequests and left the residue of his estate to Robert P. Scripps in trust for the uses and purposes set forth in the trust instrument of November 23, 1922.

The respondent determined that the decedent left a gross estate of the value of $17,795,834.49 and a net estate of the value of $10,660,801.74. Of the decedent's gross estate, $1,882,690.64 constituted the value of property passing under the decedent's will. The personal debts of the decedent amounted to $5,568,471.90. The respondent determined a tax of $1,207,964.69 on the net estate.

In 1926 the trustee of the E. W. Scripps Trust Fund paid the sum of $89,880.99 to the State of Ohio for inheritance taxes imposed upon him on account of bequests made in the trust instrument to unknown beneficiaries, namely, the appointee of Thomas O. Scripps and the one heir of the grantor.

The trust instrument provided that, after payment of certain annuities, 70 percent of the remaining income of the trust was to go to Robert P. Scripps and the remainder was to be accumulated in the trust for designated purposes.

The E. W. Scripps Trust Fund filed a fiduciary return on form 1041 for 1926, showing net income arrived at by claiming as a deduction, among other items, the inheritance tax paid to the State of Ohio. Of the net income, $69,503.78 remained in the trust and $117,175.49 was distributed to petitioner Scripps. The petitioners reported such amounts in their respective income tax returns for 1926. In his audit of the returns, the respondent disallowed the

deduction taken in the fiduciary return but allowed it as a deduction in the income tax return of the trustee after increasing gross income by $26,964.30, an amount equal to 30 percent of the tax payment. He also increased the individual taxable income of Robert P. Scripps by $62,916.69, the remainder of the tax payment. The allowance of the item as a deduction in the income tax return of the E. W. Scripps Trust Fund resulted in an overpayment of tax in the amount of $5,975.64, collection of which is barred by the statute of limitations.

The liability of the estate of E. W. Scripps for estate taxes and interest thereon was liquidated by payments made each year from 1928 to 1934, inclusive. The payment in 1928 and a portion of the payment in 1929 were made by the executor of the estate of E. W. Scripps. All of the other payments of estate tax and interest were made by the E. W. Scripps Trust Fund.

Section 219 (b) of the Revenue Act of 1926 provides, with exceptions not of importance here, that the net income of an estate or trust shall be computed as provided in section 212. This section defines net income as gross income less deductions authorized by sections 206 and 214. Section 214 (a) (3) provides that in computing net income there shall be allowed as a deduction "Taxes paid or accrued within the taxable year * * *. For the purpose of this paragraph, estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes."

After the decisions in *Keith* v. *Johnson*, 271 U. S. 1, and *United States* v. *Mitchell*, 271 U. S. 9, section 703 was incorporated in the Revenue Act of 1928 to simplify the administration of section 214 (a) (3) of the 1926 Act. This section is retroactive to prior revenue acts and provides, in part, that in determining the net income "of an estate for any taxable year * * * the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:"

(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;

(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary.

The respondent contends that the E. W. Scripps Trust Fund is neither the estate of E. W. Scripps nor a beneficiary, within the meaning of section 703, and in paying the succession tax to the State of Ohio it acted as a volunteer. The substance of his argument is that the term "estate" means the property being administered by the decedent's executor. He does not contend that the E. W. Scripps Trust Fund did not claim the deduction in its return for 1926.

The respondent made substantially the same contention in *Junius Beebe, Trustee*, 26 B. T. A. 190; affd., 67 Fed. (2d) 662. There, in discussing the meaning of the term as used in section 23 (c) of the 1928 Act allowing deductions for taxes "only to the estate", we said:

The word "estate" was used in a sense sufficiently broad to include any and all fiduciaries required by the laws of the state to respond in the payment of estate, legacy, inheritance or succession taxes, whether it be a trust estate or an estate presided over by executors and administrators, usually and commonly referred to as legal representatives.

See also *Pennsylvania Co. for Insurances on Lives & Granting Annuities, Executor*, 32 B. T. A. 449.

The deductibility of taxes in computing net income turns upon the entity against which the taxes accrued. *Herbert G. Perry et al., Executors*, 32 B. T. A. 513. Only such taxes as are imposed upon the taxpayer are deductible. *Samuel Riker, Jr.*, 15 B. T. A. 1160. Here the tax was imposed by the state upon the E. W. Scripps Trust Fund on account of bequests of property in the hands of the trustee. The property never passed to the executor and he was not liable for the tax assessed. In paying the tax the E. W. Scripps Trust Fund did not act as a volunteer, but was liquidating a liability imposed upon it, not the executor of the decedent's estate.

The trustee was required by the provisions of section 225 of the Revenue Act of 1926 to file a fiduciary return showing thereon items of gross income, and deductions and credits allowed by the statute. The return prescribed by the Commissioner in his regulations provides for a statement of the beneficiaries' shares of income and credits. Such a return is an information return necessary to enable the Commissioner to determine the income of the trust and fix the amounts taxable to beneficiaries, if any, and the trust. Where, as here, a portion of the income of the trust is retained, the trustee is required to file an income tax return. The amount so taxable is fixed by the fiduciary return, and, if the net income of the trust was erroneously computed by reason of an overstatement of deductions allowed by the statute, the adjustments should be made in the fiduciary return. The respondent should have allowed the inheritance tax of $89,880.99 as a deduction in the fiduciary return.

The remaining issue, relating to the deduction of the sums paid by the E. W. Scripps Trust Fund to liquidate estate tax of the estate of E. W. Scripps, is governed by the Revenue Acts of 1928 and 1932, the payments, to the extent important here, having been made in the years 1928 to 1932, inclusive. Section 23 (c) of the applicable statutes provides that deduction for estate taxes "shall be allowed only to the estate." The question turns upon whether

the E. W. Scripps Trust Fund is "the estate" within the meaning of section 23 (c).

The petitioner argues that since the value of the corpus of the E. W. Scripps Trust Fund formed a part of the gross estate of E. W. Scripps by reason of the power reserved by the grantor to revoke or alter the trust, it is within the term "estate" as used in section 23 (c), and that to refuse to give it the benefit of the deductions would result in discrimination.

Deductions from gross income are a matter of legislative grace and can be allowed only when granted by clear language, the rule that ambiguities must be resolved in favor of taxpayers having no application to deduction provisions of taxing acts. *New Colonial Ice Co.* v. *Helvering,* 292 U. S. 435; *Helvering* v. *Inter-Mountain Insurance Co.,* 294 U. S. 686.

The word "estate" is not defined in the governing statutes. The term "shall be allowed only to the estate" was inserted in the 1928 Act "to avoid confusion which had theretofore existed as to whether the estate or beneficiaries were entitled to the deduction, based upon the conclusion whether the estate tax was levied on the right to transmit or the right to receive the decedent's property." *Junius Beebe, Trustee, supra; Elmon C. Gillette,* 29 B. T. A. 561; affd., 76 Fed. (2d) 6.

The estate tax here was imposed upon the transfer of the net estate of E. W. Scripps and was payable by the executor of his estate. Secs. 301 (a) and 305 (a), Revenue Act of 1926. In regulations promulgated under the 1921, 1924, and 1926 Acts, the Commissioner holds that this obligation of the executor applies even though the gross estate for estate tax purposes consists, in part, of property which will not be administered by the executor. Art. 81, Regulations 63 and 68, and art. 79, Regulations 70. The estate tax was a lien upon the gross estate, less charges against the estate and administration expenses allowed by the court having jurisdiction of the estate. Sec. 315 (a). A trust to which property was transferred to take effect in possession or enjoyment at or after the decedent's death is not liable for the tax unless it is not paid when due. Sec. 315 (b). In *United States* v. *Woodward,* 256 U. S. 632, the question was whether estate tax paid by executors in 1919 was deductible in computing taxable income in 1918. In speaking of whether Federal estate taxes were within the meaning of the word taxes used in section 214 of the 1918 Act, allowing deductions for taxes paid or accrued within the year, the Court said: "It is made a charge on the estate and is to be paid out of it by the administrator or executor substantially as other taxes and charges are paid. * * * It does not segregate any part of the estate from the rest and keep it from passing to the administrator or executor for purposes of administration, as counsel contend, but is made a

general charge on the gross estate and is to be paid in money out of any available funds, or, if there be none, by converting other property into money for that purpose."

The corpus of the E. W. Scripps Trust Fund is an estate, generally referred to as a trust estate. At all times important, the trustee and executor were each administering his respective estate, and each was required to file a fiduciary return of income, subject to the conditions set forth in section 143 of the Revenue Act of 1928 and section 142 of the Revenue Act of 1932. The same acts impose a tax on incomes of estates and trusts. Sec. 161. Thus throughout the taxable years the E. W. Scripps Trust Fund and the estate of E. W. Scripps were in existence as separate and distinct taxable entities.

If the petitioner's view is the correct one, then any one of a number of revocable trusts created by a decedent and existing for income tax purposes while the estate of the grantor is being administered by an executor, could obtain the benefit of the statute by paying Federal tax of the decedent's estate. It would require clear legislative authority to produce such a result. We find none in the statutes.

The case of *Junius Beebe, Trustee, supra*, is not controlling. There the state inheritance tax was imposed upon a testamentary trustee on the distribution of property held in the trust estate after the discharge of the executor.

The property in the hands of the executor had a value for estate tax purposes in excess of the estate tax. The fact that the decedent disposed of his property in such a way as to make it difficult or impossible for the executor of his estate to pay estate taxes does not give the petitioner any greater rights under the statutes. *Gillette* v. *Commissioner, supra.*

The respondent did not err in refusing to allow the E. W. Scripps Trust Fund to deduct the payments in question in the computation of its net income for the taxable years.

Reviewed by the Board.

> *Decision will be entered in Docket No. 77116 under Rule 50. Decisions will be entered for the respondent in Docket Nos. 77117, 77602, and 77603.*

MURDOCK dissents.

———

MATTHEWS, dissenting: I think the Federal estate taxes paid by the trust estate in the years 1928–1932 are deductible by the trust in its income tax returns for those years because (1) this trust estate was the estate of decedent for estate tax purposes [the inclusion of which in gross estate is solely responsible for any estate tax being due], (2) the trust estate paid the estate taxes; and (3) section 23 (c) of

the Revenue Acts of 1928 and 1932 allows estate taxes to be deducted by the estate.

Section 23 provides that:

In computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(c) *Taxes generally.*—Taxes paid or accrued within the taxable year \* \* \*

\*     \*     \*     \*     \*     \*     \*

For the purpose of this subsection, estate, inheritance, legacy, and succession taxes \* \* \* shall be allowed as a deduction only to the estate.

The terms " estate taxes " and " estate " in section 23 (c) have the same meaning as they have in the estate tax provisions of the statute. Under the estate tax provisions a tax is imposed upon the transfer of the net estate of every decedent dying after the enactment of the act and it is to be measured by the value of the net estate and paid out of the estate which measures the tax. The estate whose transfer is taxed may consist of several parts, administered by several different persons, and each of those persons may be required to return the property being administered by him. Section 302 (b) of the Revenue Act of 1926 provides that if the executor is unable to make a complete return of any part of the gross estate of decedent he shall include in his return the description of such part and the name of each person holding a legal or beneficial interest therein and upon notice from the collector such person shall make a return as to such part of the gross estate. One part is as much the estate of decedent for estate tax purposes as any other part, all being thrown together in determining the net estate which measures the tax, and each part of the estate is required to bear its just and equitable portion of the tax imposed because of the transfer of such part. Sec. 314 (b), Revenue Act of 1926.

The effect of the majority opinion is to read into section 23 (c) a qualification which is not in the statute, namely, that estate taxes shall be allowed as a deduction only to the "estate being administered by an executor." If Congress had intended to limit the deductions for estate taxes only to that part of the estate being administered by the executor, I think it would have said so. It is clear that the decedent's estate and not the beneficiaries of that estate shall have the deduction but there is nothing in the language used to indicate that only that part of the estate being administered by an executor is entitled to a deduction of the estate taxes in the income tax return. The estate of a decedent for estate tax purposes may and often does embrace several trust estates, which are separate entities for income tax purposes. Of course, if the trustee of a revocable trust such as we have here does not pay any of the estate tax the trust is not entitled to a deduction in its income tax return for such tax. Neither would the estate being administered by an executor be entitled to a

deduction for estate taxes which it did not pay and which were due to the inclusion in the estate of a trust which was testamentary in nature.

Section 314 (b) of the estate tax provisions states that it is the purpose and intent of the estate tax title that so far as is practicable and unless otherwise directed by the will of decedent the tax shall be paid out of the estate before its distribution.

The will of E. W. Scripps as to the distribution of his property and the payment of estate taxes must be ascertained from reading his will and the trust instrument together. It is the trust instrument which provides to whom the estate is to be distributed upon termination of the trust and in the trust instrument decedent provided for payment of the estate taxes out of the income or principal of the trust estate.

As the estate tax imposed was due wholly to the inclusion of the trust estate in decedent's estate, and as the decedent directed that the estate taxes should be paid out of the income or principal of the trust and such taxes were paid by the trust, both the will of the decedent and the intent and purpose of the statute were carried out.

If E. W. Scripps had left no property at death except his interest in this trust estate, the trustee as the person in actual possession of such property of the decedent would have been required to perform all the duties imposed by the statute on an executor or administrator of a decedent. These duties would include filing the estate tax return and paying the tax out of the trust funds in his hands. In such case I do not believe that the right of the trust estate to a deduction under section 23 (c) in its income tax return of the estate taxes paid by it would be questioned. The fact that decedent also left property to be administered by his executor, the value of which was far less than the personal debts of decedent, should not operate to deny a deduction to the trust estate of the estate tax paid by it, which was wholly due to the inclusion of the trust estate in decedent's gross estate.

It was held in *Junius Beebe, Trustee*, 26 B. T. A. 190; affd., 67 Fed. (2d) 662, that a testamentary trust is within the meaning of the term "estate" in section 23 (c). By a parity of reason, a trust which is testamentary in nature, as in the instant case, is also within the meaning of the word "estate." I think the decision of the Board and the court in the *Beebe* case govern in this case and that the trust estate should be allowed the deduction claimed.

ARUNDELL and MELLOTT agree with this dissent.