Moss, Judge,
delivered the opinion of the court:
This action is brought to recover an alleged excess payment of Federal estate tax.
In order to determine the question involved it is necessary for the court to consider the revenue act of 1916, section 203, 39 Stat. 777, the applicable portions of which are as follows:
“ Sec. 203. That for the purpose of the tax the value of ■he net estate shall be determined—
*567 “(a) In the case of a resident, by deducting from the a alue of the gross estate—
“(1) Such amounts for funeral expenses, administration ■expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from .fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.”
Plaintiff contends that the Commissioner of Internal Revenue should have deducted from the gross estate the amount of the estate tax itself in arriving at the value of the net estate upon the theory that the estate tax is a charge against the estate in the meaning of the statute.
The court is unable to accept plaintiff’s theory.
The Federal estate tax is imposed upon the transfer of the net estate; and the net estate is the difference between the total value of the gross estate and the total of the authorized deductions.
Section 203 above referred to definitely authorizes the deduction of certain expenses and charges, and then states,
and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.”
It is not to be assumed that the Congress, in attempting to promulgate a rule by which the net estate is to be determined, would describe in precise terms items which are to be deducted, some of which might or might not exist in certain cases, and yet leave unmentioned a highly important item which must surely apply in all cases.
Under the structure of the Federal estate tax act the tax is not a charge against the estate in the meaning of section 203.
The case of Edwards v. Slocum, 264 U. S. 61, while dealing with a different issue from that involved in the instant case, determined the principle which controls the question here in the following language:
“ It [the estate tax act] levies a sum equal to a certain percentage of the value of the net estate, and provides the *568 criteria by which the net estate shall be ascertained. It thus manifestly assumes that the net estate will be ascertained before the tax is computed.”
The petition should be dismissed. And it is so ordered.
Graham, Judge; Hat, Judge; Booth, Judge; and Camp-éele, Chief Justice, concur.