**OLD COLONY TRUST CO. et al. v. MALLEY et al.**

Circuit Court of Appeals, First Circuit.
May 17, 1927.

No. 2107.

1. **Internal revenue** ☞8(14)—**Estate tax held not deductible from gross estate, to determine taxable net estate (Revenue Act 1916, § 201, as amended by Act Sept. 8, 1916, and § 203 [Comp. St. §§ 6336½b, 6336½d]).**

Under Revenue Act 1916, § 201, as amended by Act Sept. 8, 1916, and section 203 (Comp. St. §§ 6336½b, 6336½d), the estate tax is not deductible from the gross estate, to determine the taxable net estate.

2. **Statutes** ☞245—**Any doubt respecting construction of taxing statute must be resolved in taxpayer's favor.**

Any doubt respecting construction of taxing statute must be resolved against the government, and in favor of the taxpayer.

3. **Statutes** ☞219—**Contemporaneous construction of statute by department charged with its enforcement must be given weight.**

Weight must be given to the contemporaneous construction of a statute by the department charged with its enforcement.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Action by the Old Colony Trust Company and others, executors, against John F. Malley, former Collector of Internal Revenue, and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

For opinion below, see 15 F.(2d) 105.

F. W. Grinnell, of Boston, Mass. (O. W. Taylor, of Boston, Mass., on the brief), for plaintiffs in error.

Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for defendants in error.

Herbert Noble and Scott Scammell, both of Boston, Mass., amici curiæ.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. [1] The executors under the will of Sidney W. Winslow, who died on June 18, 1917, brought this suit at law to recover a portion ($58,238.12) of an inheritance tax claimed to have been illegally exacted from their estate. The tax was levied under the Act of September 8, 1916, 39 Stat. 777, as amended (by increasing the rates) by Act of March 3, 1917, 39 Stat. 1002 (Comp. St. §§ 6336½b, 6336½bb). Sections 201 and 203, so far as they need now be stated, are as follows:

"Sec. 201. That a tax (hereinafter in this title referred to as the tax), equal to the following percentages of the value of the net estate, to be determined as provided in section two hundred and three, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or nonresident of the United States:

"One and one-half per centum of the amount of such net estate not in excess of $50,000;

"Three per centum of the amount by which such net estate exceeds $50,000 and does not exceed $150,000;

"Four and one-half per centum of the amount by which such net estate exceeds $150,000 and does not exceed $250,000; ● ● ●

"Thirteen and one-half per centum of the amount by which such net estate exceeds $4,000,000 and does not exceed $5,-000,000."

"Sec. 203. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered; and

"(2) An exemption of $50,000."

Comp. St. § 6336½d.

The applicable regulation promulgated by the Treasury Department under date of May, 1917, is as follows:

"Art. XXI. The federal estate tax is not determined, does not attach, and cannot be assessed until the net estate upon which it is based has been exactly established. The estate tax, therefore, cannot be deducted from the gross estate to determine the taxable net estate."

Plaintiffs attack this regulation as inconsistent with the statute; also as "unconstitutional"—a claim so obviously unsound as to call for no discussion.

The Commissioner determined the net value of the Winslow estate to be $4,837,-860.63, and computed the tax at $489,613.61, by applying the appropriate percentages to the blocks as stated in section 201, but without deducting the tax, in order to determine the amount of the tax. Plaintiffs' learned counsel, in an elaborate argument, urge that this method is erroneous; they contend that the act imposes successive taxes, equal to percentages of the separate blocks of the net estate, each of which, exclusive of the tax, constitutes a separate unit of measure.

In the exact words of counsel for plaintiffs:

"The question presented involves the interpretation of that act, to ascertain whether the amount of the tax itself, imposed by the act, should be included in the 'measure of that tax.'"

[2] We agree with plaintiffs' counsel that this problem of statutory construction must be determined under the familiar rule that, in taxing statutes, doubt about the construction must be resolved against the government and in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Merriam, 263 U. S. 179, 187, 188, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547.

[3] But we are not able to adopt the view that there is any reasonable doubt about the construction of this statute. Weight must be given to the contemporaneous construction of the department charged with the enforcement of the statute. Malley v. Walter Baker & Co. (C. C. A.) 281 F. 41, 46, and cases cited; Baltzell v. Mitchell (C. C. A.) 3 F.(2d) 428, 430, and cases cited. We think that the Treasury Department put the obvious and the only natural interpretation upon the language used.

The act contemplates a tax,—i. e., a single tax, and upon a net estate, not upon various estates. The fact that the tax is "equal to the following percentages of the value of the net estate" does not transmute one tax into many taxes, and one net estate into several net estates. The words "equal to the following percentages of the value of the net estate" mean exactly the same as the words "equal to the sum of the following percentages of the value of the net estate," in section 401 of the act of 1918, 40 Stat. 1096 (Comp. St. § 6336¾b); not, as plaintiffs urge, a different basis for the tax. There is one tax on one net estate, under both acts.

The gist of the plaintiff's contention is that, under section 203, the tax and no part thereof can be used as the measure or base of the tax; that "net estate" means the exact amount available for transfer to beneficiaries, from which it follows that there must be as many real "net estates" as there are separate blocks. But only by an algebraic formula—an intent to use which is "not lightly to be imputed to legislators," Edwards v. Slocum, 264 U. S. 61, 63, 44 S. Ct. 293, 68 L. Ed. 564; 287 F. 651, 654—can the tax thus grounded be computed.

The fallacy of the elaborate schedules and diagrams in plaintiffs' brief may most easily be demonstrated by assuming the simplest form of a taxable estate—one of $50,-000, net; that is, after deducting the undisputed items covered by section 203—and a tax thereon of 1 per cent. Manifestly the Commissioner would figure the tax as $500, 1 per cent. of $50,000. But this would leave a "net estate," plaintiffs urge, of only

$49,500; so that the tax of $500 is, pro tanto, measured by the tax. To meet their objection, a formula something like the illustration set forth in the margin is necessary, or at any rate convenient.[1]

Plaintiffs compute the tax on the Winslow estate as follows:

|  | Blocks of Net Estate. | Amount of Tax. |
|---|---|---|
|  | $4,406,485.14 | $431,375.49 |
| 1st | 50,000.00 | 750.00 |
| 2d | 100,000.00 | 3,000.00 |
| 3d | 100,000.00 | 4,500.00 |
| 4th | 200,000.00 | 12,000.00 |
| 5th | 550,000.00 | 41,250.00 |
| 6th | 1,000,000.00 | 90,000.00 |
| 7th | 1,000,000.00 | 105,000.00 |
| 8th | 1,000,000.00 | 120,000.00 |
| 9th | 406,485.14 | 54,875.49 |

This method disregards the controlling principle of their argument—that the tax on each block should be deducted in computing the tax on that particular block. The tax, as they compute it, is reckoned, flat ($750), on the first block of $50,000, and thus includes the tax as part of the measure of the tax. So as to the other blocks. The deduction of the tax on earlier blocks, at lower rates, does not really apply plaintiffs' theory, as they argue it.

We have taken pains to compute the tax in real accordance with plaintiffs' theory. It follows:

|  | Blocks of Net Estate. | Rate. | Tax. |
|---|---|---|---|
| 1st | $50,000.00 | 1½% | $738.92 |
| 2d | 100,000.00 | 3 % | 2,912.62 |
| 3d | 100,000.00 | 4½% | 4,306.22 |
| 4th | 200,000.00 | 6 % | 11,320.75 |
| 5th | 550,000.00 | 7½% | 38,372.09 |
| 6th | 1,000,000.00 | 9 % | 82,568.81 |
| 7th | 1,000,000.00 | 10½% | 95,022.62 |
| 8th | 1,000,000.00 | 12 % | 107,142.85 |
| 9th | 837,860.63 | 13½% | 99,657.43 |

Net estate $4,837,860.63

This gives a total of $442,042.31, or $10,666.92 more than plaintiffs reckon it, by misapplying their own theory, and $47,571.30 less than the Commissioner computed it.

What plaintiffs in their computation really do is to subtract the tax on the first eight blocks, $376,500 (reckoned properly as the Commissioner computes it), thus reducing the ninth block from $837,860.63 to $406,485.14. On not one of the blocks do they

---

[1] Let X=tax
Then X=1% of ($50,000—X)

$$X = \frac{\$50,000 - X}{100}$$

100X=$50,000—X
101X=$50,000
X=$495.49.

---

reckon the tax in accordance with what they urge as the correct interpretation of the act. They simply use the tax on the first eight blocks in the attempt to reduce the size of the last block, which is, of course, subject to the highest rate, 13½%.

Congress never intended anything of

| Statutory Language. | Rate of Tax. |  | 'Transfer of' Net Estate. |
|---|---|---|---|
|  |  |  | $4,406,485.14 |
| 'equal to' | 1½% | of | 50,000.00 |
| 'equal to' | 3 % | of | 100,000.00 |
| 'equal to' | 4½% | of | 100,000.00 |
| 'equal to' | 6 % | of | 200,000.00 |
| 'equal to' | 7½% | of | 550,000.00 |
| 'equal to' | 9 % | of | 1,000,000.00 |
| 'equal to' | 10½% | of | 1,000,000.00 |
| 'equal to' | 12 % | of | 1,000,000.00 |
| 'equal to' | 13½% | of | 406,485.14 |

this sort. It intended the act to be construed and applied as it has been for 10 years.

If the correct construction were otherwise in doubt, we think the legislative history of the corresponding provisions in the Act of Feb. 24, 1919, 40 Stat. 1057, would resolve that doubt. The principle laid down by Marshall, C. J., in Alexander v. Mayor, etc., of Alexandria, 5 Cranch, 1, 3 L. Ed. 19, is applicable:

"If a subsequent act on the same subject affords complete demonstration of the legislative sense of its own language, the rule which has been stated, requiring that the subsequent should be incorporated into the foregoing act, is a direction to courts in expounding the provisions of the law."

The same principle is stated in United States v. Freeman, 3 How. 556, 564, 11 L. Ed. 724.

In the report of the committee dealing with the intended revision, we find the following concerning section 404:

"Section 403, which takes the place of section 203 of the original act defining the deductions for the purpose of arriving at the net estate, inserts a provision that income taxes upon income received after the death of the decedent, and estate, succession, legacy, or inheritance taxes, are not to be deducted. Obviously, income taxes should not be deducted, for the reason that they are payable from and on account of income which is not included in the gross estate. Inheritance taxes payable to states are payable in respect to the benefits derived by individual legatees and beneficiaries. They are computed on the amount which passes to such beneficiaries, and are not known until estate taxes have been ascertained. These provisions are in conformity with existing rulings in the administration of the

law, which rulings the committee thinks are in accord with the statute, and are now included for the sake of clarification, as in the case of additions made to section 402 mentioned above."

Accordingly, section 403 of the Revenue Act of 1918, 40 Stat. p. 1096, c. 18 (Comp. St. § 6336¾d), was made to read as follows:

"Section 403. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwrecks, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, *but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes.*"

We think the italicized words at the end are nothing but declaratory of the real meaning of the previous law, as properly construed by the department charged with its enforcement. We cannot adopt the view of plaintiff's counsel that this provision of the act of 1918 "shows a decided change" in the method of computing this tax; it was, as the committee states, "included for the sake of clarification."

Certainly there is nothing in the decided cases lending any support to the plaintiff's fundamental contention. The decision of the Supreme Court in Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564 (s. c. 287 F. 651), falls little, if anything, short of being conclusive against the plaintiff. The court was there dealing with the provisions of the statute of February 24, 1919, 40 Stat. 1057, 1096, c. 18, § 400, which, for present purposes, are indistinguishable from those here involved. The court said (p. 63 [44 S. Ct. 293]), by Mr. Justice Holmes, of this statute:

"It levies a sum equal to a certain percentage of the value of the net estate, and provides the criteria by which the net estate shall be ascertained. It thus manifestly assumes that the net estate will be ascertained before the tax is computed."

In Irving Bank-Columbia Trust Company v. United States, 62 Ct. Cl. 564, in the United States Court of Claims, the plaintiff made exactly the same contention as is now before us. That court declined to adopt the plaintiff's theory, saying, inter alia—

"Section 203 above referred to definitely authorizes the deduction of certain expenses and charges, and then states, 'and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.'

"It is not to be assumed that the Congress, in attempting to promulgate a rule by which the net estate is to be determined, would describe in precise terms items which are to be deducted, some of which might or might not exist in certain cases, and yet leave unmentioned a highly important item which must surely apply in all cases.

"Under the structure of the federal Estate Tax Act, the tax is not a charge against the estate in the meaning of section 203."

In this case, sub nomine American Exchange-Irving Trust Co. v. United States, certiorari was denied by the Supreme Court on February 28, 1927, 47 S. Ct. 455, 71 L. Ed. ——.

On principle and authority the judgment below must be affirmed.

The judgment of the District Court is affirmed.