BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    November 13, 1928. — May 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Tax*, On legacies and succession. *Constitutional Law*, Taxation, Due
process of law.

A donor by an instrument in writing in 1907 placed a sum of money in
trust to pay the income to a certain woman during her life and on
her death to pay the principal either to the donor or to his wife if either
of them was living, and, if neither was living, to two named grand-
children of the donor or to the issue of any deceased grandchild by
right of representation, with further remainders over in case of no
such issue surviving.  The woman, the donor, his wife and the trustee
were parties to the instrument, which provided that it might be
modified or terminated in a certain event by agreement of the four
parties thereto with provision for arbitration in case of disagree-
ment.  Otherwise, the trust was irrevocable.  The donor and his
wife died, and, after them, the woman, the instrument not having been
modified or terminated.  The trust estate passed to a surviving grand-
child and to two children of a deceased grandchild.  Upon a petition
under G. L. c. 65, § 30, to determine whether an inheritance tax was
due, it was *held*, that

(1) The utmost which passed in 1907 to either of the grandchildren
as beneficiaries was a possibility of right which could not ripen into
anything more than a contingency unless and until the occurrence of
three events, each wholly uncertain in nature;

(2) By the instrument of 1907, the property passed. "by deed,
grant or gift . . . intended to take effect in possession and enjoyment
after the death of the grantor";

(3) The circumstance, that the succession in possession and en-
joyment to the ultimate beneficiaries was not to occur until the death
of a third person, was of no consequence in the circumstances;

(4) Such interpretation of St. 1907, c. 563, § 1, as amended by St.
1912, c. 678, § 1, did not contravene the Constitution of this Com-
monwealth or the Fourteenth Amendment to the Constitution of the
United States;

(5) A decree ordering payment of the tax was proper.

PETITION, filed in the Probate Court for the County of
Suffolk on January 21, 1927, under G. L. c. 65, § 30.

The petition was heard by *Dolan*, J.  Material facts are

stated in the opinion. A final decree was entered ordering the payment of a succession tax. The petitioner appealed.

*C. M. Rogerson,* (*J. N. Worcester* with him,) for the petitioner.

*J. S. Eastham,* Assistant Attorney General, for the respondent.

RUGG, C.J. This is a petition under G. L. c. 65, § 30, to determine whether an inheritance tax is due with respect to property held by the petitioner under a trust. The trust was created on October 21, 1907, by indenture between Samuel M. Nickerson and Matilda P. Nickerson, his wife, Cecelia A. MacDonald, and the petitioner. By its terms the Nickersons paid to the petitioner $50,000 to be held by it in trust, to pay the income to Cecelia A. MacDonald during her life and, upon her death, to pay, free from all trust, to either of the Nickersons, if living, and if neither be living, to Roland C. Nickerson and Helen Nickerson, grandchildren of the settlors, or to the issue of any deceased grandchild by right of representation, with further remainders over in case of no such issue surviving. Cecelia A. MacDonald agreed, in consideration of the trust and without further compensation, to devote all her time and attention to the care and comfort of Samuel M. and Matilda P. Nickerson during their respective lives. If she should be unable or unwilling to do so to the satisfaction of either of them, the indenture might be modified or terminated by agreement of the four parties thereto with provision for arbitration on this point in case of disagreement. Otherwise, the trust was irrevocable. Cecelia A. MacDonald performed the covenants resting on her under the indenture, which was never modified or terminated. Matilda P. Nickerson died in 1912, Samuel M. Nickerson in 1914 and Cecelia A. MacDonald in 1926. Upon the death of the life beneficiary the trust estate passed to the surviving grandchild and to two children of the deceased grandchild. The parties have stipulated for the purposes of this case that the trust fund deposited with the petitioner was the property of Samuel M. Nickerson, in connection with whose estate the tax has been certified.

Parties in their briefs agree that the relevant statute is

St. 1907, c. 563, § 1, which by § 27 took effect on September 1, 1907, a few weeks before the execution of the indenture here in question, as amended by St. 1912, c. 678, § 1, which took effect on May 12, 1912, a little more than two years before the death of Samuel M. Nickerson.   Its pertinent words are: "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, belonging to inhabitants of the Commonwealth, . . . which shall pass . . . by deed, grant or gift, except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust . . . shall be subject to a tax. . . ."   A pertinent clause is found in said c. 678, § 3: "The provisions of section one of this act shall apply to the estates of all persons dying subsequent to the passage hereof, and to all property passing by deed, grant or gift except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor or donor, if such death occurs subsequent to the passage hereof; . . . ." It also is enacted by said c. 563, § 4, as amended by St. 1909, c. 527, § 2: ". . . . In all cases where there shall be a grant, devise, descent, or bequest to take effect in possession or come into actual enjoyment after the expiration of one or more life estates . . . the taxes thereon shall be payable by the . . . trustees in office when such right of possession accrues, . . . ."

It is settled that the excise thus authorized "is a tax upon 'succession' which includes the 'privileges enjoyed by the beneficiary of succeeding to the possession and enjoyment of property' . . . we are here concerned, not with a tax on the privilege of transmission, not with an attempt to tax a donor's estate for an absolute gift made when no tax was thought of, . . . but with a tax on the privilege of succession, which also may constitutionally be subjected to a tax by the State whether occasioned by death, *Stebbins* v. *Riley*, [268 U. S. 137], or effected by deed, *Keeney* v. *New York*, 222 U. S. 525; *Chanler* v. *Kelsey*, [205 U. S. 466]; *Nickel* v. *Cole*, [256 U. S. 222]. The present tax is not laid on the donor, but on

the beneficiary; the gift taxed is not one long since completed, but one which never passed to the beneficiaries beyond recall until the death of the donor; . . . So long as the privilege of succession has not been fully exercised it may be reached by the tax." *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 269, 270, 271, affirming *Saltonstall* v. *Treasurer & Receiver General*, 256 Mass. 519, where earlier Massachusetts decisions are reviewed.

It seems plain that the quoted statutes are applicable, if any succession subject to the excise took place in 1926. It has not been contended that the indenture constituted a "*bona fide* purchase for full consideration" of the trust fund and hence that there could be no tax.

The contention of the petitioner is that under the indenture "the trust is not a deed, grant, or gift made or intended to take effect in possession or enjoyment after the death of the grantor, but, on the contrary, is a gift completed in 1907 for the benefit of a stranger . . . and to pass to others upon her death." We are of opinion that this contention cannot be supported. The gift made under the indenture for the benefit of the grandchildren did not under any legal principle take effect in possession or enjoyment by them in 1907. Until the death of Matilda P. Nickerson in 1912, there was always present the possibility that the trusts might be terminated under the terms of the indenture by agreement of the four parties to the indenture and the trust property revest in the settlor or settlors. Until the death of Samuel M. Nickerson in 1914, there was always present the possibility that Cecelia A. MacDonald might predecease him and thus the trust come to an end and all the property revert to him. Until the decease of both Matilda P. and Samuel M. Nickerson without modification or termination of the indenture by agreement of the four parties thereto, Samuel M. Nickerson had not fully released his hold on the trust property and divested himself of all interest in it. The case is thus distinguishable from *Dexter* v. *Treasurer & Receiver General*, 243 Mass. 523, and *Nichols* v. *Coolidge*, 274 U. S. 531, where the donor in each case had completely divested himself of all possibility of reversion of the trust to himself. It also is

distinguishable from *Shukert* v. *Allen*, 273 U. S. 545, where it was said at page 547: "The transfer was immediate and out and out, leaving no interest remaining in the testator." As was said in *Reinecke* v. *Northern Trust Co.* 278 U. S. 339, at page 345, "in *Chase National Bank* v. *United States,* decided this day, *ante,* p. 327, the decision is rested on the ground, earlier suggested with respect to the Fourteenth Amendment in *Saltonstall* v. *Saltonstall,* 276 U. S. 260, 271, that a transfer made subject to a power of revocation in the transferor, terminable at his death, is not complete until his death." Manifestly the trust did not pass from Samuel M. Nickerson, by an instrument made or intended to take effect in possession or enjoyment, to any person absolutely or in trust until after his death.

The utmost which passed in 1907 to either of the grandchildren as beneficiaries was a possibility of right which could not ripen into anything more than a contingency unless and until the occurrence of three events, each wholly uncertain in nature, namely, (1) failure of the four parties to the indenture to modify or terminate the trust, (2) survival by Cecelia A. MacDonald of both Samuel M. and Matilda P. Nickerson, and (3) the survival by one or both of the grandchildren of Cecelia A. MacDonald. *Clarke* v. *Fay*, 205 Mass. 228. Each of these events was a contingency over which the ultimate beneficiaries of the trust could exercise no control. All three of these events must finally coexist in their favor before the ultimate beneficiaries could by any possibility succeed to the possession and enjoyment of the property constituting the trust. Unless all these contingent events come to pass in such way as to benefit them, the chance of the grandchildren receiving anything under the trust would be at an end. If the trust should be modified by the four parties to the indenture, of course there is no ground for prophecy how it might be changed or that anything would be left for those originally named as the ultimate beneficiaries. If the trust should be terminated by the four parties to the indenture, all the property would go back to the settlors. If either of the settlors should survive Cecelia A. MacDonald, the trust fund would revert to such survivor or survivors

freed from all trusts. If the grandchildren, or either of them, should predecease Cecelia A. MacDonald, all right of such decedent to the fund would come to an end. The surviving issue of any grandchild deceased at the time of the death of Cecelia A. MacDonald, in the event that she survived both Samuel M. and Matilda P. Nickerson without change or termination of the indenture during their lives, take, not by virtue of descent from their parent, but as direct beneficiaries under the indenture. These considerations render inevitable the conclusion that the property on which the excise has been certified passed "by deed, grant or gift . . . intended to take effect in possession and enjoyment after the death of the grantor," who under the stipulation in the case at bar is Samuel M. Nickerson.

The circumstance that the succession in possession and enjoyment to the ultimate beneficiaries was not to occur until the death of a third person is of no consequence upon the facts here disclosed. There could be no such succession until "after the death of the grantor." The statute does not require that such succession must take place immediately upon such death, but only after such death. The lapse of a reasonable interval thereafter and the intervention of another specified event as a further condition of the succession do not affect the validity of the excise. This is not an instance where the succession passed to the beneficiaries independently of the death of the person from whom the property passed, and hence the principle applied in *First National Bank* v. *Commissioner of Corporations & Taxation*, 258 Mass. 253, is not relevant.

The principles of law and interpretations of the statutes in *New England Trust Co.* v. *Abbott*, 205 Mass. 279; *State Street Trust Co.* v. *Treasurer & Receiver General*, 209 Mass. 373, and *Pratt* v. *Dean*, 246 Mass. 300, 307, 308, support and even require the conclusion that the excise here in question was justified. No other of our decisions justifies any different result.

It has been earnestly argued that the governing statutes as thus interpreted contravene the Constitution of this Commonwealth and the Fourteenth Amendment to the Constitution of the United States.

The harmony of the statutes here assailed with the Constitution of this Commonwealth is settled. *Crocker* v. *Shaw*, 174 Mass. 266. *Magee* v. *Commissioner of Corporations & Taxation*, 256 Mass. 512. *Saltonstall* v. *Treasurer & Receiver General*, 256 Mass. 519, and cases there reviewed. It is not necessary to reëxamine these decisions or to state the principles again.

The constitutionality of these statutes under the Fourteenth Amendment and other provisions of the Federal Constitution appears to us to be established by the recent decision of *Saltonstall* v. *Saltonstall*, 276 U. S. 260. In view of that authoritative adjudication, further discussion of the point on our part would be superfluous. The facts in the case at bar seem to us stronger in favor of the validity of the excise statute than those in the Saltonstall case. The case at bar seems to us distinguishable from *Nichols* v. *Coolidge*, 274 U. S. 531, for the reasons stated in 276 U. S. at pages 270, 271.

*Decree affirmed.*