## NICHOLS v. LEACH.
### No. 2554.

Circuit Court of Appeals, First Circuit.

June 10, 1931.

William T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

O. Walker Taylor, of Boston, Mass. (Everett S. White and White & White, all of Taunton, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from the District Court in an action originally brought by the executor to recover an overpayment of a federal estate tax on the estate of William E. Walker, late of Taunton, Mass., who died in November, 1918.

In May, 1919, the executor filed a return and paid an estate tax of $37,700.68 assessed upon his return. He later received a notice from the Commissioner of Internal Revenue's office that an additional tax would be claimed, and in March, 1922, the Commissioner made a final decision that the total tax due from the estate was $89,735.64; whereupon the executor, having previously paid $50,000 to stop the running of interest, paid the additional amount claimed by the government, together with the interest due.

The difference between the executor and the Commissioner as to the amount of the tax due arose in the first instance over a large amount of property given by the testator within two years of his death to members of his family. The value of the gifts totalled over $400,000.

A claim for refund was filed by the executor in June, 1925, to the amount of $49,634.70, and interest to the amount of $10,423.39, setting forth as grounds for the claim (1) that none of the gifts were made by the decedent in contemplation of death, and (2) that a deduction should have been made of the amount of the federal estate tax.

At a conference in Washington between the Commissioner and the executor and his attorneys on November 16, 1925, at which they were advised that, by the executor filing what is denominated an Estate Tax Deposition in November, 1921, he had barred the estate from obtaining any refund on the grounds claimed, and the case was thereby closed; whereupon, on December 1, 1925, the executor brought this action, and on March 16, 1926, filed the original declaration in the suit which was based on the grounds set forth in his claim filed in June, 1925. The case was heard on this declaration in the District

Court in November, 1926, and, on the ground that the Estate Tax Deposition barred the plaintiff from recovery, judgment was ordered for the defendant.

On appeal this judgment was reversed in December, 1927 [23 F.(2d) 275], and the case sent back for further hearing.

In March, 1928, following the decision of this court reversing the judgment of the District Court, counsel for the executor requested the Commissioner to reopen the case and sought an interview with him in Washington, at which interview the question of the refund was discussed with other members of his staff, and the Commissioner's attention was for the first time called to the fact that no allowance had been made for the payment of the Massachusetts inheritance taxes. Counsel, however, were informed that under a ruling by the Treasury Department, No. 2524, it was not deductible.

In July, 1928, the Commissioner, having reopened the case, ordered that a refund be made to the amount of $43,865.37, on the ground that the gifts were not in contemplation of death, but no deduction was made for the federal estate tax, which was in accordance with the holding of this court in Old Colony Trust Co. v. Malley, 19 F.(2d) 346.

In September, 1928, the plaintiff presented an amendment to his declaration in the original suit, which was allowed in the District Court, setting forth as further grounds of recovery that, since the original assessment, additional compensation had been paid to the executor and to his attorneys in the settlement of the estate; and the executor had also paid other miscellaneous administration expenses in addition to those deducted by the Commissioner in the original assessment; and that, in arriving at the net estate upon which the estate tax was computed, the Commissioner has refused to deduct the amount paid by the executor to the state of Massachusetts as inheritance taxes to the amount of $34,158.59.

To the amended declaration the appellant filed an answer, and set up as a defense that in the claim for a refund filed in June, 1925, the only ground set forth was that certain gifts were improperly included in the gross estate as being made in contemplation of death, and that no deduction was allowable for a federal estate tax; and that the original claim filed in June, 1925, did not furnish a sufficient ground for the recovery of any additional amounts due to any sums paid to the executor, to attorneys, and for administration expenses after the four-year limitation period for filing a claim for a refund, or for any amount, because of a failure to deduct the Massachusetts inheritance taxes; and that as to the above items the claim for a refund filed in June, 1925, did not conform to section 3228, R. S., as amended by the Rev. Act of 1924, § 1012 (26 USCA § 157), and to Treasury Regulation 68, art. 99.

In May, 1929, three years after the time for filing a claim for a refund had expired under the statute, and more than three years after this action was brought, and seven months after the amendment to his declaration was allowed, in which it was not set forth that a claim for a refund on the new grounds had been filed, the executor filed with the collector what he described as an "Amendment to Claim for Refund of Taxes illegally collected," which set up a claim for overassessment of $1,000 in the original assessment, and also for a refund based on the last four grounds set forth in his amended declaration.

In July, 1929, the Commissioner issued his certificate for a refund of $1,000, which overassessment was due to mathematical errors in computing the refund allowed in July, 1928.

In February, 1930, the case came on for trial before the District Judge; a jury being waived in writing. Before the trial and at its close, the defendant moved to dismiss the action for lack of jurisdiction on the ground that the action was prematurely brought, which was refused.

The defendant also filed a motion at the opening of the second trial that the action be dismissed on the ground that the declaration failed to set up that any claim for refund on the new grounds set forth in the amended declaration had been filed with the Commissioner prior to the commencement of the action or prior to the date of the amendment to the declaration in September, 1928, and at the close of the evidence renewed the motion on the ground that the evidence showed that no claim for a refund on the new grounds was presented within four years of the payment of the tax, or prior to the bringing of the action or the date of the amendment.

After the hearing, which was based in part on an agreed statement of facts, and in part on evidence oral and documentary, the District Judge held that jurisdiction of the District Court was established, since the evidence disclosed a decision by the Commis-

sioner denying the claim for a refund within six months of the filing of the claim and prior to the beginning of the action, though the Commissioner's formal certificate of denial was not issued until January, 1926, after the action was begun on December 3, 1925.

The only real issues in the case are: (1) Whether after four years from the date of a payment of a tax a new claim for a refund based on new grounds in the guise of an amendment to the original claim satisfies the statute; (2) whether the taxpayer can recover on a declaration which does not allege that a claim for a refund on the grounds relied upon in the declaration has been filed with the Commissioner before action was brought, or the amendment to the declaration setting up the new grounds was allowed; (3) whether a verbal suggestion at a conference with the Commissioner that there were other grounds for a refund not presented in the original claim is sufficient, because the Commissioner is required to determine the estate tax; and (4) whether, if the statute requiring the filing of a claim stating the facts on which the refund is claimed has been complied with, the Massachusetts inheritance tax should be deducted from the gross estate in arriving at the estate tax.

That amendments to a claim may be allowed within the four-year period, and that a Commissioner may waive the provision of the regulations as to the form of a claim, is settled; but whether the four-year period is a period of limitation as to any new grounds not included in the original claim, which cannot be waived, is not clear. United States v. Felt & Tarrant Mfg. Co., 51 S. Ct. 376, 75 L. Ed. ——, decided April 13, 1931; United States v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464; Finn v. United States, 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128.

The cases in which the Supreme Court has considered this statute are Rock Island, etc., R. R. Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; Maryland Casualty Co. v. United States, 251 U. S. 342, 353, 354, 40 S. Ct. 155, 64 L. Ed. 297; Kings County Savings Inst. v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657; Nichols v. United States, 7 Wall. 122, 130, 19 L. Ed. 125; Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; U. S. v. Felt & Tarrant Mfg. Co., supra; and United States v. Swift & Co., supra.

However, it is unnecessary to determine whether a claim for refund can be amended by inserting entirely new grounds after the four-year period of limitation has expired, as we think the District Court erred in holding that the Massachusetts succession tax was deductible, which is decisive of the case, as all the other claims for refund in the amended declaration were properly disallowed.

The statutes involved are section 203 (a) (1) of the Revenue Act of 1916 (39 Stat. 778) and section 403 (a) (1) of the Revenue Act of 1918 (40 Stat. 1098).

Section 203 (a) (1) of the Revenue Act of 1916 reads as follows:

"Sec. 203. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, *and such other charges against the estate, as are allowed by the laws of the jurisdiction,* whether within or without the United States, under which the estate is being administered." (Italics supplied.)

The ejusdem generis rule of construction, unless Congress clearly intended otherwise, requires that the phrase "and such other charges against the estate" should be construed to include only such charges as are similar in character to those which have been enumerated before, and are ordinarily allowed in a court of probate. Black on Interpretation of Laws, c. 5, § 63.

The Treasury Department followed the rule in its Regulation 2524, adopted September 10, 1917: "An exhaustive study of the nature of State inheritance taxes has led this office to the conclusion that amounts paid to States on account of inheritance, succession, or legacy taxes are not 'such other charges against the estate as are allowed by the laws of the jurisdiction,' and accordingly are not deductible in arriving at the amount of Federal estate tax. T. D. 2395 of November 19, 1916, is hereby revoked."

Congress in the 1918 Act, § 403, also clearly indicated that it was the correct rule of construction.

Section 403 of the Revenue Act of 1918 (a) (1) (40 Stat. 1098) provided:

"That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, *but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes.*" (Italics supplied.)

That it was not intended by Congress by the addition of the provision in italics in section 403 (a) (1) of the Act of 1918, expressly excluding succession taxes from the items deductible from the gross estate, to make any change in this respect in the act of 1916, the report of the Committee on Ways and Means in recommending the change to Congress makes clear.

The Congressional Committee reporting the Revenue Act of 1918 to the House stated in explanation: "Section 403, which takes the place of Section 203 of the original Act (1916) defining the deductions for the purpose of arriving at the net estate, inserts a provision that income taxes upon income received after the death of the decedent, and *estate, succession, legacy* or *inheritance* taxes, are not to be deducted. Obviously, income taxes should not be deducted, for the reason that they are payable from and on account of income which is not included in the gross estate. Inheritance taxes payable to states are payable in respect to the benefits derived by individual legatees and beneficiaries, *and are not known until estate taxes have been ascertained.* These provisions are in conformity with existing rulings in the administration of the law, which rulings the committee thinks are in accord with the statute, and are now included for the sake of clarification, as in the case of additions made to section 402 mentioned above." (Italics supplied.)

The nature of the Massachusetts tax has been definitely settled, see Attorney General v. Stone, 209 Mass. 186, 95 N. E. 395; Boston Safe Dep. & Tr. Co. v. Com'r of Corporations and Taxation, 267 Mass. 240, 166 N. E. 729, 730, which construction was adopted by the United States Supreme Court in Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565, and many other Massachusetts cases, viz, that it is an excise tax on the right to receive property by will, inheritance, or gift, is assessed on the value of the legacy or gift or amount received by the legatee, distributee, or donee, and is ultimately payable by the recipient. G. L. Mass. 1921, c. 65, §§ 17–21.

The provision in the Massachusetts statutes since 1907 that it shall be paid by the executor or administrator is evidently for the convenience and security of the state in collecting the tax. In 1902 the statute expressly provided that it should be paid by the legatee or donee. It has not, we think, become a charge upon the estate within the meaning of section 203 (a) (1) of the Revenue Act of 1916 (39 Stat. 778), because, under chapter 563 of P. L. Mass. 1907, § 4, and the later acts, it is now required to be paid by the representative of the estate and then deducted from the legacy or distributive shares. See sections 9, 10, of Act of 1907.

The court in Attorney General v. Stone, supra, in speaking of the act of 1902, said at page 191 of 209 Mass., 95 N. E. 395, 397: "By the third change, a personal liability for the tax is imposed upon the respondent. But this puts no greater burden upon him. Formerly the tax would have been paid by the administrator, and the respondent would have received so much less. By the new statute, he receives the full amount bequeathed to him, and must himself pay the tax. He is required to pay into the public treasury only the additional amount which by the statute he receives directly from the trustee and indirectly from the administrator. He is not harmed by this. Moreover, he is merely subjected to the payment of an excise tax *upon the privilege of receiving property bequeathed to him,* and is required to pay it only when he is allowed by our laws to have the actual enjoyment of this privilege." (Italics supplied.)

"It is settled," said the Massachusetts court in Boston Safe Dep. & Tr. Co. v. Com'r Corp. & Tax., supra, "that the excise thus authorized 'is a tax upon "succession" which includes the "privileges enjoyed by the beneficiary of succeeding to the possession and enjoyment of property" * * * we are

here concerned, not with a tax on the privilege of transmission, not with an attempt to tax a donor's estate for an absolute gift made when no tax was thought of, * * * but with a tax on the privilege of succession, which also may constitutionally be subjected to a tax by the state whether occasioned by death, Stebbins v. Riley, 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454, or effected by deed, Keeney v. New York, 222 U. S. 525, 32 S. Ct. 105, 56 L. Ed. 299, 38 L. R. A. (N. S.) 1139; Chanler v. Kelsey, 205 U. S. 466, 27 S. Ct. 550, 51 L. Ed. 882; Nickel v. Cole, 256 U. S. 222, 41 S. Ct. 467, 65 L. Ed. 900. The present tax is not laid on the donor, but on the beneficiary. * * *'"

"In this and earlier cases," said the United States Supreme Court in Saltonstall v. Saltonstall, supra, at page 269 of 276 U. S., 48 S. Ct. 225, 226, "the Massachusetts court has held that the tax authorized by these statutes is a tax upon 'succession' which includes the 'privilege enjoyed by the beneficiary of succeeding to the possession and enjoyment of property.' See Attorney General v. Stone, 209 Mass. 186, 190, 95 N. E. 395; Minot v. Winthrop, 162 Mass. 113, 124, 38 N. E. 512, 26 L. R. A. 259; Crocker v. Shaw, 174 Mass. 266, 267, 54 N. E. 549."

The federal statute seeks to reach only the total net estate transmitted at death; the payment by the representative of an estate of a succession tax which is eventually deducted from the legatee's or distributee's share does not lessen the net estate that passed at death and on which the federal estate tax is computed. In case of a will, the amount passing to the legatees, or, in case of intestate property, the net estate actually passing at death to the distributees under the Massachusetts statutes, remains the same whether the legatees and distributees pay the tax directly or indirectly.

In New York Trust Co. v. Eisner, 256 U. S. 345, 349, 41 S. Ct. 506, 507, 65 L. Ed. 963, 16 A. L. R. 660, the Supreme Court held, following the construction of the New York statute in the Matter of Gihon, 169 N. Y. 443, 62 N. E. 561, that the New York transfer tax should not be deducted in determining the federal estate tax, on the ground that it was not payable out of the estate. In this case Justice Holmes, who spoke for the court, said, referring to section 203 (a) (1) of the 1916 act (39 Stat. 778): "For if the tax attaches to the estate before distribution—if it is a tax on the right to transmit, or on the transmission at its beginning, obviously it attaches to the whole estate except so far as the statute sets a limit. 'Charges against the estate' as pointed out by the Court below are only charges that affect the estate as a whole, and therefore do not include taxes on the right of individual beneficiaries. *This reasoning excludes not only the New York succession tax but those paid to other States, which can stand no better than that paid in New York.*" (Italics supplied.)

In Keith v. Johnson, Adm'x, 271 U. S. 1, 46 S. Ct. 415, 70 L. Ed. 795, 44 A. L. R. 1432, which related to the assessment of the federal income tax and followed later decisions by the New York courts, the transfer tax of that state was held to be deductible from the estate before anything passed to the legatee, and therefore should be deducted in determining the federal income tax. Since that decision, however, the Court of Appeals of New York (Cardozo, C. J.) has held in the Matter of Oakes, 248 N. Y. 280, 162 N. E. 79, that the New York transfer tax is payable by the legatee or donee, and the federal estate tax by the residuary legatees or out of the estate. Under the rule the federal Supreme Court laid down in both the Eisner and Keith Cases, and in many others, see Saltonstall v. Saltonstall, supra; Stebbins v. Riley, supra, it may be assumed that it will now follow the latest decision of the New York court in the Matter of Oakes, and hold that the New York transfer tax should not be deducted. The ruling in the Keith Case did not reverse the ruling in the Eisner Case. It merely followed the last construction of the New York statute by the local courts.

However, this court in Old Colony Trust Co. v. Malley, 19 F.(2d) 346, held in principle, if not expressly, that Massachusetts succession taxes should not be deducted in arriving at the net estate of a decedent. It was determined in that case that the provision in section 403 (a) (1) of the Revenue Act of 1918 (40 Stat. 1098), that estate and succession taxes should not be deducted, was merely declaratory of the intent of Congress in section 203 (a) (1) of the act of 1916 (39 Stat. 778); that it was, as the committee of Congress stated at the time the change was proposed, merely "intended for the sake of clarification."

While that case applied to federal estate taxes, this court pointed out in its opinion the difficulty of deducting a tax before the amount could be determined, except by an al-

gebraic formula. It would be just as difficult to deduct succession taxes on residuary legacies, or on distributive shares in case of an intestate estate before determining the amount of the federal estate tax, since the exact amount of the succession tax in either case cannot be computed until the federal estate tax has first been deducted and the residuum determined. The same argument against the deduction of the estate tax in determining the net estate so cogently applied in the Old Colony Trust Co. Case therefore applies with equal force to the deduction of a succession tax when it is ultimately paid by the recipient. It should not be presumed that Congress intended that a tax statute should be construed so as to render it necessary to resort to algebraic equations to determine a tax. Edwards v. Slocum (C. C. A.) 287 F. 651; also see Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564. The result of the plaintiff's contention is that succession taxes on residuary legacies and on the distributive shares of an intestate estate would be, in part, measured by the tax itself, which, we think, was not contemplated by the Massachusetts statute as construed by its courts.

Thus the authorities, we think, sustain the government's contention that the inheritance or succession taxes of Massachusetts should not be deducted. Since the federal courts follow the state courts in the interpretation of state laws, it is futile to try to harmonize the results of the decisions of the Supreme Court or of the several Circuit Courts of Appeals, where the opinions are based on local statutes as interpreted by local courts. Stebbins v. Riley, 268 U. S. 137, 146, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454; New York Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660; Keith v. Johnson, Adm'x, 271 U. S. 1, 46 S. Ct. 415, 70 L. Ed. 795, 44 A. L. R. 1432.

Therefore, if we follow the construction of the Massachusetts statutes by the Massachusetts courts and the principles laid down by this court in Old Colony Trust Co. v. Malley, supra, and may apply the language of Justice Holmes in New York Trust Co. v. Eisner, quoted above, it must be held that the Massachusetts succession taxes are not deductible in this case.

The judgment of the District Court is reversed, with costs.