STATE EX REL. DAVIS, EXECUTOR, RESPONDENT, v. STATE BOARD OF EQUALIZATION ET AL., APPELLANTS.

(No. 7,622.)

(Submitted January 12, 1937. Decided February 6, 1937.)

[64 Pac. (2d) 1057.]

*Mr. Enor K. Matson,* Attorney General, and *Mr. Jeremiah J. Lynch,* First Assistant Attorney General, for Appellants, submitted a brief; *Mr. Carl N. Thompson,* Assistant Attorney General, and *Mr. John J. Greene* argued the cause orally.

54

*Mr. J. A. Poore,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is a proceeding in certiorari instituted in the district court, by which it was sought to have the determination of the defendant board in the computation of the plaintiff's income tax reviewed. The plaintiff recovered judgment in the court below and the appeal is from that judgment. The facts are not in dispute.

On March 11, 1936, Andrew J. Davis, as executor of the last will of Elizabeth D. Baxter, deceased, filed his income tax return for the year 1935 with the defendant board. It showed a gross income of $75,825.58, with deductions of $195,096.61. The board revised the return showing gross income of $76,849.67, with deductions amounting to $12,653.87, an exemption of $1,000, and a net income of $63,185.80 as being subject to tax. The tax computed on this net income was fixed at $2,407.42. The board in arriving at this net income eliminated as a deduction the inheritance tax paid during the tax year, including interest, amounting to the sum of $182,432.74. If the taxpayer was entitled to deduct the inheritance tax paid during the year 1935 from the gross income, there remained no net income subject to tax. The sole question presented on this appeal is whether the taxpayer was correct in making this deduction, or the board correct in disallowing it.

Section 2295.8, Revised Codes of 1935, provides: ''In computing net income, there shall be allowed as deductions: * * * Taxes, other than taxes imposed by this Act, paid or accrued within the taxable year and imposed, first, by the authority of the United States, or of any of its possessions, or second, by the authority of any state, or territory, or any county, school dis-

trict, municipality, or other taxing subdivision of any state or territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed, or third, by the authority of any foreign government,'' etc.

Section 2295.12 declares: ''A tax shall be imposed upon either the fiduciaries or the beneficiaries of estates and trusts as hereinafter provided. * * * The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts, whether the fiduciary or the beneficiaries be taxable with reference to the income of such estate or trust. The net income of an estate or trust shall be computed in the same manner and on the same basis as provided in this Act for individual taxpayers.''

The pertinent part of section 10400.1 reads as follows:

''A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation: * * *

''(1) When the transfer is by will or by intestate laws of this state from any person dying possessed of the property while a resident of the state. * * *

''(4) Such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer,'' etc.

An inheritance tax is not a tax imposed upon the property of the estate itself, but upon the privilege of acquiring property by inheritance. (*Gelsthorpe* v. *Furnell,* 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 170; *In re Touhy's Estate,* 35 Mont. 431, 90 Pac. 170; *In re Fratt's Estate,* 60 Mont. 526, 199 Pac. 711; *State ex rel. Murray* v. *Walker,* 64 Mont. 215, 210 Pac. 90; *State ex rel. Walker* v. *Jones,* 80 Mont. 574, 261 Pac. 356, 60 A. L. R. 551.) The foregoing decisions demonstrate that although our inheritance tax law has been changed from time to time, nevertheless under our various statutory provisions on this subject an inheritance tax has always been a tax upon the right to receive property by inheritance, as distinguished from a tax imposed upon

the property of the estate of the deceased. Counsel for defendant board, adopting this statement of the law as a premise, argue that since the tax is not a tax upon the property of the estate, the executor or administrator may not deduct such tax under the deduction allowed under section 2295.8, quoted, supra.

It will be noted from a reading of that part of the section quoted that only two classes of taxes which are paid or accrued are not the subject of deduction, namely, income taxes under the Act itself, and improvement district taxes for local benefits of a kind tending to increase the value of the property assessed. It will be noted throughout the provisions of our inheritance tax law (secs. 10400.1 to 10400.51, inclusive) that wherever the imposition is referred to therein upon the right to receive, it is characterized by the use of the word ''tax.'' The legislature used no other term in referring to these impositions. In referring to deductions it likewise used the word ''tax.'' It will also be noted from an examination of our statutes referring to inheritance tax, supra, that the transfer or inheritance tax payment is made by the executor from the funds of the estate. The burden of paying the income tax, as well as the burden of paying the inheritance tax, is cast upon the executor. Until paid, the inheritance tax is a lien upon the property of the deceased. The personal representatives of the deceased are personally liable for the tax until it is paid. They are authorized to sell the property of the estate for the purpose of obtaining money to pay the tax in the same manner as they may be to pay the debts of the deceased. They are not entitled to a discharge from their trust until the tax is paid. The law plainly makes it their duty to pay the tax out of the estate. The property remaining passes to the beneficiary. When property is transferred without the deduction of the tax, the beneficiary is required to pay it and takes the property subject to the lien of the state for the tax. By whomever the amount may be handed over to the state, the tax is in effect an appropriation by the state of a part of the property of the deceased at the time of death, and the state's part is deducted from the legacy and does not pass to the legatee.

In the case of *Keith* v. *Johnson*, 271 U. S. 1, 46 Sup. Ct. 415, 417, 70 L. Ed. 795, the court was required to determine under the Revenue Act of 1916 (39 Stat. 756), relative to the federal income tax, whether the administrator was entitled to deduct the inheritance tax paid to the state of New York. Under the federal Act there under consideration, the administrator was entitled to deduct taxes imposed by the authorities of the state and paid within the year. It was there held that an inheritance tax paid to the state was deductible as a tax under a state law similar to our own. This holding was in accord with the late decisions of the courts of New York. The Supreme Court of the United States, after referring to that fact, said: "By indicating that the latest decisions of the state courts will be followed here as binding, it is not intended to intimate that a different view is entertained as to the construction properly to be given the state law. In fact we agree with that construction; and feel justified in so saying as the same question arises in another case—No. 470 [*United States* v. *Mitchell*, 271 U. S. 9, 46 Sup. Ct. 418, 70 L. Ed. 799], the opinion in which is announced concurrently with this one—on a substantially similar statute of a state where there has been no authoritative construction by the state courts. (Compare *Harrigan* v. *Bergdoll*, 270 U. S. 560, 46 Sup. Ct. 413, 70 L. Ed. 733.) And we are of the opinion that the transfer tax is deductible. It was primarily payable by the respondent out of moneys and other property of the estate; and it was so paid by her. While this lessens the amount for distribution among the heirs, it cannot be said that they bore any part of that tax. As well might it be claimed that they paid the funeral expenses and debts, if any, of the intestate. No part of the transfer tax so paid could be taken by the heirs as a deduction in calculating their federal income taxes. It follows that the amount of the transfer tax paid in 1917 by the respondent was deductible in ascertaining the taxable income of the estate received by her in that year." The same conclusion, under a like statute, was arrived at by that court in a case from Texas, decided the

same day, where no judicial construction had been placed on the statute by the courts of Texas. (*United States* v. *Mitchell,* 271 U. S. 9, 46 Sup. Ct. 418, 70 L. Ed. 799.) We find ourselves in accord with these views as expressed by the Supreme Court of the United States in construing similar statutory provisions.

It is argued on behalf of the defendant board that the United States Supreme Court has held otherwise in certain decisions, among which is the case of *Leach* v. *Nichols,* 285 U. S. 165, 52 Sup. Ct. 338, 76 L. Ed. 681, which involved the right of a taxpayer in computing the federal inheritance tax to deduct the taxes paid under a state inheritance tax law, where it was held by the state courts that the inheritance tax was a tax on the right to receive. It is noteworthy that the federal statute providing for deductions declares that they were allowable for ''such other charges against the estate, as are allowed by the laws of the jurisdiction.'' (Revenue Act 1916, sec. 203 (a) (1), 39 Stat. 778.) There the court held that since the state inheritance tax was a tax on the right to receive, it was not a charge against the estate. Such was the ruling of the United States Supreme Court under the New York inheritance tax law in the case of *New York Trust Co.* v. *Eisner,* 256 U. S. 345, 41 Sup. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660, but that court in *United States* v. *Woodward,* 256 U. S. 632, 41 Sup. Ct. 615, 65 L. Ed. 1131, where the question was the allowance of a deduction of the inheritance tax paid from the gross income of the estate, held that the deduction was proper.

Counsel for the defendant board argue that the cases of *National Bank of Commerce* v. *Allen,* (C. C. A.) 223 Fed. 472, *First Nat. Bank* v. *McNeel,* (C. C. A.) 238 Fed. 559, and *Porter* v. *United States,* (C. C. A.) 27 Fed. (2d) 882, are persuasive, if not controlling, in support of their contention. In each of these cases, under state statutes imposing a tax upon the stock owned by the stockholders of a national bank, and which the bank was compelled to pay for and on behalf of the stockholders, in two of which cases there was a liability over in favor of the bank against the stockholders, it was held that

under the federal income tax law the bank could not deduct the taxes so paid in making its return. In each of these cases the tax was a tax upon the property of the stockholders, and we are unable to see wherein these cases are in anywise persuasive here.

The legislature has said that an executor or administrator, in making a return on the income of an estate of a deceased person, is entitled to deduct taxes paid. It did not enumerate, among those taxes which might be included within the deduction, inheritance taxes. We have demonstrated that inheritance taxes are taxes; they are so classified by the legislature. They are paid by the executor or administrator from the property of the estate. If the legislature had intended not to include them in the deductions, it would have done so by clear and unmistakable language.

Accordingly, we hold that the trial court correctly determined that the executor was entitled to deduct the amount of the inheritance tax paid, and thereby no income for the year 1935 was subject to income tax.

It is contended by the defendants that under the provisions of section 2295.23, Revised Codes, providing for a review of the revision and resettlement by the defendant board of any computation of the tax, the court was without authority to enter a judgment for the return of the money paid under protest. The plaintiff agrees that the judgment in this respect was erroneous, and we agree with the contention. The procedure for the return of the money paid under protest and to which plaintiff is clearly entitled, without interest, is not involved in this proceeding.

It is ordered that the words appearing in the judgment of the trial court: "And it is further adjudged and decreed that plaintiff recover the amount of the tax so paid, namely, $2407.43 with interest thereon from May 7, 1936," be stricken from the judgment, and, when so modified, the judgment will stand affirmed with costs to the appellant.

Mr. Chief Justice Sands and Associate Justices Stewart, Morris and Angstman concur.