SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Defendant; HEIRS OF TRISTÁN L. LUCHETTI ACOSTA, Intervener.

No. 292.  Argued February 21, 1956.—Decided April 23, 1956.

J. B. *Fernández Badillo, Attorney General,* and *Arnaldo P. Cabrera, Assistant Attorney General,* for petitioner. *James R. Beverley, R. Castro Fernández* and *Francisco Castro Amy* for intervener, plaintiff in the main action.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

The question for decision is, in brief, the following: if an estate (*sucesión*) pays the total amount of inheritance tax levied on the members thereof by virtue of Act No. 99 of August 29, 1925 (13 L.P.R.A. § 881 *et seq.*), with rents accruing from the inheritance estate during the period of administration or settlement of said property, is the estate entitled to deduct such amount from its gross income in the corresponding taxable year? The judgment rendered by the trial court was in the affirmative. It based its decision on the fact that such payment is deductible from the gross income of the estate as "taxes paid or accrued" under § 16(*a*)(3) of the Income Tax Act of 1924, as amended, which is the statute in point. 13 L.P.R.A. § 631 *et seq.* The appellant contends that such judgment is incorrect because the inheritance tax is not imposed upon the estate itself but on each heir for the privilege of acquiring property by inheritance. *Cf. Blanco v. Tax Court,* 72 P.R.R. 799, 804 (1951) and *Hernández v. Tax Court,* 73 P.R.R. 659, 668 (1952).

We must first set forth the essential facts appearing from the records. Tristán L. Luchetti died in Córcega on May 12, 1944, and he was the co-owner of a third of the Hacienda Monserrate situated in Yauco, Puerto Rico. The

sole heirs (the widow and three children) were in Europe prior to May 1944 and had appointed Fernando Luchetti, brother of the deceased and at the time also a lessee of the Hacienda Monserrate, as their attorney-in-fact. He deposited all the rents belonging to the heirs in a bank account in favor of the Estate of Tristán L. Luchetti. On April 15, 1947, the inheritance estate had not yet been partitioned, and the condominium in the Hacienda Monserrate remained in the name of Tristán Luchetti. On that same date, drawing against the bank account of the estate, the attorney-in-fact paid the inheritance tax which the Treasurer had notified to each member of the estate, for a total sum of $2,702.10. The estate always filed income tax returns for the income received during the whole period of administration or settlement. Specifically, it filed a return and paid income tax for the tax year beginning July 1, 1946, and ending June 30, 1947. In the latter year it did not deduct from its gross income the payment it made on April 15, 1947, as inheritance tax imposed on the members of the estate. A refund for the sum of $757.63 was timely requested which, if the amount paid as inheritance tax were deductible, would constitute the excess paid in the estate's income tax for the year 1946–47. The Treasurer denied the refund. Feeling aggrieved, the estate appealed to the Tax Court and it rendered judgment ordering the refund.

■■ The items of income and deduction established by the statute for computing the taxable net income of an estate in any taxable year during the period of administration or settlement of the inheritance estate, are the same allowed for computing the net income of individuals, save for the "exceptions" or additional deductions which are set forth in § 20(b). See 13 L.P.R.A. § 699 and 13 L.P.R.A. §§ 693 to 696.[1] Thus, the contention arises that the inheritance

---

[1] Cf. §§ 21 to 25 and § 162 of the Income Tax Act of 1954 ((1) p. 475 et seq.). Also, 6 Mertens, The Law of Federal Income Taxation, §§ 36.01–36.06 and 36.22 et seq.

tax paid by the estate is deductible under § 16(a)(3) of the law which provides in connection with the net income of the individuals: "In computing net income there shall be allowed as deductions: . . . taxes paid or accrued within the taxable year. . . ."

It is obvious, however, that taxes are deductible only by the persons upon whom they are imposed under the aforesaid § 16(a)(3). *Magruder* v. *Supplee*, 316 U. S. 394 (1942); 5 Mertens, *The Law of Federal Income Taxation*, § 27.02; Paul, *Selected Studies in Federal Taxation*, Second Series, p. 24. And, in Puerto Rico, pursuant to Act No. 99 of August 29, 1925, as amended, the inheritance tax has always been imposed upon the heirs. It falls on each one of them individually and becomes a lien upon the right or privilege which they have of receiving the property of the deceased, and it is never imposed upon the estate itself. That is the provision of the Inheritance and Gift Tax Act in force today and an identical rule was effective at the time of Tristán L. Luchetti's death, as well as on the date when the inheritance tax was paid in the case at bar. On May 12, 1944 (date of the ancestor's death) "the inheritance tax" was imposed "on all bequests, legacies, grants or inheritances. . . ."[2] Furthermore, the tax rate depended, in the first place, on the degree of consanguinity between each heir and the decedent, and, in the second place, on the amount that each heir would receive according to the progressive rate fixed by the law. Of course, the law in force since 1946 (13 L.P.R.A. § 881 *et seq.*) stresses still more the concept that the imposition of the inheritance tax falls solely on the heir or

---

[2] Section 2 of Act No. 99 of August 29, 1925 (p. 790) as amended by Acts No. 34 of July 22, 1935 (p. 420) and No. 72 of May 12, 1936 (p. 370). As a general rule, the statute in force at a person's death is the one to be applied for purposes of inheritance taxes. *Descartes* v. *Tax Court*, 70 P.R.R. 537 (1949).

recipient. Thus, for example, the computation of the tax depends on the "accumulated gifts," that is to say, on the sum of the taxable gifts received from one person by a given recipient, and furthermore, the form in which the "exemptions" and the "credits" are allowed can only be harmonized with the theory that the imposition of the tax falls separately on each one of the heirs or recipients.

It would be inconsistent with the more elementary principles of our tax law to hold that if the heir pays the inheritance tax from his own money (aside from what he will inherit) then he may deduct such tax from his gross income while if the executor or administrator pays it with part of the inheritance estate or with its proceeds, then the estate may deduct it. Under §§ 16(a)(3) and 32(a)(3) no taxpayer can deduct from his gross income the tax paid or accrued except the tax imposed by law, and in order to determine who is entitled to deduct the inheritance tax existing in Puerto Rico, the source of the money used to pay it or the fact that the inheritance estate has not been partitioned at the time of payment obviously makes no difference. In that respect, no juridical significance can be attributed to the subsidiary liability of the executors or other persons administering the estate, nor to the preferred lien existing on all the property until the inheritance tax has been paid in full. The latter statutory provisions, as well as the provision concerning the partition of the estate and its registration in the Registry of Property, are mere measures to insure the payment of the tax. As we held in *Kessler* v. *Domenech*, 49 P.R.R. 189, 205 (1935): "It is true that the act refers to the administrators, executors, trustees, or other persons administering upon the estate charged with said taxes, as usually their function is to liquidate the estate and turn the proceeds thereof over to the heirs free from liens or encumbrances; but the payment of the taxes always

falls upon the heirs, whether such payment is made by the administrators or directly by the heirs." [3]

■■ However, even if the estate cannot deduct the payment of the inheritance tax under § 16(a) (3), we must bear in mind that the law allows as an *additional deduction* to the estate in the case at bar, in computing its net income: *"the amount of the income of the estate . . . for its taxable year which is properly paid or credited during such year to any legatee, heir or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary."* (Section 20(b) (3); 13 L.P.R.A. § 699(b) (3)). The income received by the estate of Luchetti during the period of administration or settlement of the inheritance estate could, pursuant to the law, accrue or be "properly . . . credited" to the heirs during the corresponding taxable year. In the case at bar,

---

[3] See § 9 of Act No. 99 of August 29, 1925, as amended, 13 L.P.R.A. § 898 and §§ 386 and 387 of the Political Code. *Cf. Collazo* v. *Hill*, 25 P.R.R. 211 (1917). It should be borne in mind that the Federal Act allowed the deduction of inheritance or estate tax. Naturally, as to the federal estate tax it was deductible by the estate alone. A problem arose as to who could deduct the inheritance or estate tax (indiscriminately called "inheritance taxes" or "estate taxes"). The rule was adopted, correct, in principle, that if said estate tax was based upon the right to receive the property from the decedent it was deductible by the beneficiaries but if it was based upon the right of the decedent to transmit the property, it was deductible by the estate. But endless complications arose because it was necessary to examine the statute and the case law of each state which often lacked precision. That is, why in 1928 the federal statute was amended in order to restrict the deduction to the estate in all cases. And, later, the 1934 Act denied deductibility to inheritance or estate tax in computing the federal income tax. See 3 Paul and Mertens, *The Law of Federal Income Taxation*, §§ 25.50 to 25.55. *Cf. Keith* v. *Johnson*, 271 U. S. 1 (1926); *United States* v. *Mitchell*, 271 U. S. 9 (1926); *Van Dyke* v. *Wilkinson*, 25 F. 2d 763 (1928). That explains why § 115 of Regulation No. 1 was adopted in 1925 to implement the Income Tax Act of 1924. Said section was copied *verbatim* from its counterpart in the federal regulation in force at the time, without bearing in mind the difference between the inheritance tax in Puerto Rico and the federal estate tax. Insofar as said § 115 provides that "Insular estate taxes paid or accrued during the taxable year are an allowable deduction from the gross income of the estate in computing the net income thereof subject to tax," the same is void because it is in contradiction with the law. *Cf. Behn* v. *Domenech*, 49 P.R.R. 790 (1936).

the payment made by the administrator to the Treasurer for the total amount of the inheritance tax (imposed on each of the heirs separately) with part of the income received by the estate in the taxable year 1946–47, is necessarily equivalent to a deposit or credit to each of the heirs for the amount of his inheritance tax. Moreover, the payment made by the estate to the Treasurer may be regarded at law as an indirect payment made by the administrator of the inheritance to each of the heirs and in that case the income in question was "properly paid" to them. It is immaterial whether or not the corresponding entry was made in the books of the estate: the tax result is exactly the same. Consequently, the amount of $2,702.10 paid to the Treasurer as inheritance tax imposed on the widow and the three children of Tristán L. Luchetti is deductible from the gross income of the estate in the taxable year 1946–47, under the provisions of § 20(b)(3). See: Kennedy, *Federal Income, Taxation of Trusts and Estates,* § § 2.02, 2.06–2.07 A; 6 Mertens, *The Law of Federal Income Taxation,* § § 36.41 and 36.56. *Cf. Commissioner* v. *Trustees of J. Wanamaker,* 178 F. 2d 10 (C. A. 3, 1949), which affirmed by per curiam the decision in 11 T. C. 365; *Bergan* v. *Commissioner,* 80 F. 2d 89 (C. A. 2, 1935); *Mary B. Warburton,* 10 T. C. M. 135 (1951), affirmed by per curiam in 193 F. 2d 1008 (C. A. 3, 1952), and *Marion A. Burt Beck,* 15 T. C. 642 (1950), affirmed by per curiam in 194 F. 2d 537 (C. A. 2, 1952).

We must make it clear that, as it is well known, the purpose of the provisions of our Income Tax Act concerning estates is to prevent any part of the income received during the period of administration or settlement of the inheritance estate from evading taxation. That is why the law demands, in general, that either the administrator or the heirs pay the income tax; but during the period of administration or settlement the law does not impose "double taxation" as in the case of partnerships and corporations. The foregoing

explanation is the fundamental basis of all the "exceptions" or additional deductions provided by law for estates under § 20(*b*). Of course, the deduction of an item from the gross income of the estate under § 20(*b*)(3) produces different results from those that would arise if that same deduction were made under § 16(*a*)(3) of the Act: in the first case the item deducted ". . . shall be included in computing the net income of the . . . heir,"[4] while in the second he does not have to declare it in his income tax return.

For the foregoing reasons, since a review is sought against a judgment of the Superior Court and not against the reasoning which serves as its basis, the judgment appealed from will be affirmed.

MR. JUSTICE NEGRÓN FERNÁNDEZ, with whom MR. JUSTICE MARRERO and MR. JUSTICE PÉREZ PIMENTEL join, concurring.

The question for decision in this appeal is precisely the one which we left pending consideration in the case of *Blanco* v. *Tax Court*, 72 P.R.R. 799,[1] 809: Whether an estate, as such, is entitled to deduct from the income accrued during the period of administration and settlement of the estate left at the time of the ancestor's death, the payment of the inheritance tax imposed on the heirs.

The fact having been established in this case that the inheritance tax was paid by the Estate of Tristán L. Luchetti

---

[4] The Spanish text of § 20(*b*)(3) provides: ". . . deberá ser incluída en el ingreso neto del . . . heredero." 13 L.P.R.A. § 699. Compare the phrase used in § 20(*b*)(2): ". . . deberá ser incluída *al computarse el ingreso neto* de los beneficiarios . . ." with the equivalent translation into English ". . . shall be included *in computing the net income* of the beneficiaries . . ." 13 L.P.R.A. § 699. See Kennedy, *op. cit. supra*, § 2.02, the corresponding provisions of the Federal Income Tax Act and §§ 162(*a*) (2)(*b*) and (*c*) of our Income Tax Act of 1954 ((1) p. 474 *et seq.*).

[1] In *Hernández* v. *Tax Court*, 73 P.R.R. 659, 668, 669 (on reconsideration) we overruled the following *dictum* in the *Blanco* case: "Since the burden of the inheritance tax falls in this case on the minor daughters, they alone were allowed to deduct it from their income."

Acosta out of the income received by the Estate as rents from the inheritance estate during the period of administration and settlement, as well as the fact that the income tax return corresponding to its taxable year was filed by the Estate on the basis of the income received that year, we agree with the petitioner and with the trial court that the Estate was entitled to deduct from its gross income for the taxable year 1946–47 the tax it paid to the Public Treasury on the undivided inheritance of the deceased.

An estate, by virtue of § 20 (*a*) (3) of the Income Tax Act of 1924, as amended—which is the applicable law—is bound to declare the income received during the period of administration or settlement of the property of decedents, and its net income should be computed pursuant to § 20 (*b*), "in the same manner and on the same basis as provided in section 14," with some exceptions not pertinent here. For the purpose of said Act an estate is, therefore, a "taxpayer", which term pursuant to § 2 (*a*) (9), means "any person subject to a tax imposed by this Act". The term "person" pursuant to § 2 (*a*) (1), means "an individual, a trust or *estate*, a civil or mercantile, an industrial or agricultural partnership, or a corporation." (Italics ours.)

An estate (*sucesión*) has no existence as an artificial person under our civil law, *Heirs of Belaval* v. *Acosta*, 64 P.R.R. 104, but it does exist as a "person" in our tax law. The tax personality which the law attributes to it flows precisely from the undivided condition of the inheritance during its administration and settlement. This is a reality of the civil law which the tax law confronts in order to levy a tax on the incomes which belong to the heirs since the ancestor's death, before it comes to their hands and of which they cannot dispose.

Since the tax law itself acknowledges the personality of an estate as a subject of taxation and since § 20 (*b*) provides, as we have seen, that the net income of an estate for

the purpose of said Act shall be computed in the same manner and on the same basis as provided in § 14 for computing the net income of individuals, that is, "the gross income as defined in section 15, less the deductions allowed by sections 16 and 9," then we must conclude that the estate is entitled to deduct from its gross income the inheritance tax paid within the taxable year, for this is a *tax* and the same is not excluded from the deductions allowed under § 16(*a*)(3) of the law [2] to *individuals*, and therefore, to *estates*. *State ex rel Davis* v. *State Bd. of Equalization* (Mont. 1937) 64 P. 2d 1057, 108 A.L.R. 1397, 1401.

Although the inheritance tax is cast upon the heirs [3] —§ 2, Act No. 99 of August 29, 1925, as amended, also applicable to the case at bar—the administrators, executors, fiduciaries or any other persons who administer the property subject to said taxation being liable for the payment thereof—§ 9—the truth is that in the light of their obligation which renders them legally liable for such taxes, and the consequences which the law itself establishes as to the reception and enjoyment of the property by the heirs, the payment of the inheritance tax made out of undivided funds of the Estate—the rents yielded by the inheritance estate— even if viewed in connection with an obligation imposed by law directly on the heirs, is just as much a legal obligation to be discharged by the administrator, and once he has done

---

[2] Pursuant to said section the following deductions are allowed: "'Taxes paid or accrued within the taxable year except (A) income and excess profits taxes imposed by the authority of The People of Porto Rico, (B) . . . (C) . . . (D) . . . For the purpose of this paragraph, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the country imposing such taxes;".

[3] Construing the Federal Income Tax Act of 1924, from which our Act of 1924 is an outgrowth, the Federal Bureau of Income Tax frequently denied the admissibility of deductions to the Estates for payments of inheritance tax made under state laws on the theory that such tax was imposed *on the heirs, legatees or beneficiaries* and that it was deductible by them. The decisions of *Keith* v. *Johnson*, 271 U.S. 1, 70 L. Ed. 795 and *United States* v. *Mitchell*, 271 U. S. 9, 70 L. Ed. 799, established a contrary rule, 5 Mertens *op. cit.* sec. 27.45, p. 56.

so it should benefit the Estate as a taxable entity which is bound to declare the income belonging to the heirs and which it has received during such period.

Section 16(a)(3) authorizes the deduction of taxes paid or accrued within the taxable year, without stipulating any condition. Although the general rule is that taxes may be deducted as such only if they represent a liability of the taxpayer who pays them, and that the *voluntary* assumption of the tax liability of another does not give rise to a deductible item, 5 Mertens, *Law of Federal Income Taxation*, sec. 27.02, pp. 6 and 7, it is also part of that rule that personal liability is not always a prerequisite to a deduction for said payment of taxes. 5 Mertens, *op. and sec. cit.*, p. 8, n. 26. Here, the tax liability, (inheritance tax) is imposed on a person (heir) and the law itself, in the alternative, allows—rather demands—its payment by another (the estate), with whom the first has a juridical nexus by virtue of which the latter acquires its taxable personality. This is a typical case to apply the rule that the omission of the requisite of the personal liability does not bar the deduction for which the payment is made.

The criterion which should govern as to the right of an estate to deduct from the gross income declared in its income tax return the inheritance tax already paid, is not that the tax is not *imposed* on the estate but on the heirs, but the inherent juridical nexus existing between the taxable entity *estate* and the heirs constituting it, in connection with the state of transitory community in which the forced payment of the inheritance tax is made, and the identical state of community in which the deduction is claimed after the estate, as a taxable entity, fulfills its legal obligation of paying a tax on the income of the members of the estate during the period of administration and settlement of the inheritance.

For the foregoing reasons, I concur in the result.